SZYDLOWSKI v GENERAL MOTORS CORPORATION

1. WORKMEN'S COMPENSATION—EMPLOYER-EMPLOYEE RELATIONSHIP—
   WRONGFUL DEATH—SUMMARY JUDGMENT—STATUTES—COURT
   RULES.

   Summary judgment is the proper way to dispose of a complaint
   in a wrongful death action where a plaintiff's suit is based on
   an employer-employee relationship and seeks damages result-
   ing from injuries arising out of and in the course of employ-
   ment (MCLA 418.131, 418.301; GCR 1963, 117.2[1]).

2. JUDGMENT—SUMMARY JUDGMENT—PLEADING—FACTUAL CONTEXT.

   Summary judgment on the pleadings is never proper where the
   resolution of the legal issue may depend greatly upon the
   factual context.

3. WORKMEN'S COMPENSATION—WORKMEN'S COMPENSATION ACT—EX-
   CLUSIVE REMEDY PROVISION—COURTS—CIRCUIT COURTS—JURIS-
   DICTION—SUBJECT MATTER JURISDICTION—CONCURRENT JURIS-
   DICTION.

   A circuit court has subject matter jurisdiction, concurrent with
   the workmen's compensation bureau, to determine whether the
   exclusive remedy provision of the Workmen's Compensation
   Act requires a plaintiff to return to the workmen's compensa-
   tion bureau to seek relief (MCLA 418.131).

4. NEGLIGENCE—WRONGFUL DEATH—PLEADING—WORKMEN'S COMPEN-
   SATION—EMPLOYER-EMPLOYEE RELATIONSHIP—INJURIES ARISING
   OUT OF EMPLOYMENT—SUMMARY JUDGMENT.

   A complaint in circuit court for wrongful death while in a
   defendant's employ has stated a cause of action sufficient to
   avoid summary judgment where it is apparent that the com-
   plaint has alleged facts which would justify the conclusion that
   the wrongful death for which damages are sought did not arise
   out of or in the course of the decedent's employment (MCLA
   418.301; GCR 1963, 117.2[1]).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 73 Am Jur 2d, Summary Judgment § 4 *et seq.*
[3] 20 Am Jur 2d, Courts § 128.
[4] [No reference]

Appeal from Wayne, Joseph A. Moynihan, Jr., J. Submitted Division 1 June 6, 1974, at Detroit. (Docket No. 16548.) Decided February 25, 1975. Leave to appeal granted, 394 Mich 782.

Complaint by Florence Szydlowski, as administratrix of the estate of Jacob Szydlowski, against General Motors Corporation, Riker Laboratories Corporation, and Eli Lilly Corporation for wrongful death. Summary judgment for defendant General Motors Corporation. Plaintiff appeals. Reversed and remanded.

*Dice, Sweeney & Sullivan, P. C.* (by *Joseph Levin),* for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *John D. Dougherty* and *Thomas P. Bingman, Jr.),* for defendant General Motors Corporation.

Before: BRONSON, P. J., and V. J. BRENNAN and VAN VALKENBURG,* JJ.

PER CURIAM. Plaintiff-appellant, Florence Szydlowski, is appealing an order dated December 8, 1972 granting summary judgment to defendant-appellee, General Motors Corporation (hereinafter GM). The motion asserts that Szydlowski's complaint "failed to state a claim upon which relief can be granted", GCR 1963, 117.2(1). Szydlowski disputes that claim.

Szydlowski filed this wrongful death action to recover damages resulting from the death of her husband, Jacob, by heart attack suffered on February 4, 1969, while in GM's employ. She has filed

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

twice for workmen's compensation benefits. Both
applications have been dismissed for lack of prog-
ress.

GM maintains that workmen's compensation
was Szydlowski's exclusive remedy.[1] There is no
doubt that if Szydlowski's suit against GM is based
on the employer-employee relationship and seeks
damages resulting from injuries which arose "out
of and in the course of" decedent's employment
with GM, MCLA 418.301; MSA 17.237(301), there
is no action at law[2] and summary judgment is the
proper way to dispose of the complaint.[3]

It is equally clear that where the "conditions of
liability" are not present,[4] where the suit is not
based on the employer-employee relationship,[5] or
where other than personal injuries are involved,[6]
workmen's compensation is not the exclusive rem-
edy.

We must accordingly scrutinize Szydlowski's
complaint to determine in which line of cases it
falls. We emphasize that we are not deciding
whether Szydlowski asserts a meritorious claim,
only whether she has pled one. We are testing
only the *legal,* not the factual, sufficiency of her
case.[7] In so doing, we accept as true all of Szydlow-

---

[1] MCLA 418.131; MSA 17.237(131).

[2] *See, e.g., Maiuri v Sinacola Construction Co,* 382 Mich 391; 170
NW2d 27 (1969).

[3] Since the Legislature has taken away the common-law negligence
action by making workmen's compensation the exclusive remedy, it is
no longer possible to "state a claim upon which relief can be granted"
in such cases. *Cf. Sergeant v Kennedy,* 352 Mich 494, 495; 90 NW2d
447, 448 (1958).

[4] *Erickson v Goodell Oil Co,* 384 Mich 207; 180 NW2d 798 (1970).

[5] *Panagos v North Detroit General Hospital,* 35 Mich App 554; 192
NW2d 542 (1971).

[6] *Milton v Oakland County,* 50 Mich App 279; 213 NW2d 250 (1973).

[7] For an excellent discussion of the purpose of GCR 1963, 117.2(1),
*see Crowther v Ross Chemical Co,* 42 Mich App 426, 429–431; 202
NW2d 577, 580, 581 (1972).

ski's factual allegations as well as any conclusions which can reasonably be drawn therefrom. *Martin v Fowler,* 36 Mich App 725, 729; 194 NW2d 524, 526 (1971).

Szydlowski's complaint contains the following pertinent allegations:

"4. On or about February 4, 1969, and for some time prior thereto, Jacob Szydlowski, the deceased, was an employee of defendant, General Motors Corporation, at their [sic] Warren Stamping Plant.

"5. Jacob Szydlowski had on numerous occasions, during the course of his employment, sustained strains and sprains to the muscles and ligaments of his back and shoulders.

\* \* \*

"7. General Motors Corporation, through its medical department personnel, illegally undertook the treatment of Jacob Szydlowski for these strains and sprains of muscles and ligaments on or before February 4, 1969, by reason of the fact that said personnel furnished medical care in a manner not recognized by the state as legal.

"8. On February 4, 1969, Jacob Szydlowski died from cardiac arrest as a direct and proximate result of the ingestion of drugs and medicines improperly administered by non-physician personnel of General Motors Corporation in violation of their statutory warranty."

Decedent's status as a GM employee is alleged, but that is only one of the "conditions of liability", MCLA 418.301; MSA 17.237(301). The injury complained of—death—is *not* alleged to have arisen out of and in the course of employment. Szydlowski alleges only that the strains and sprains requiring the medication ultimately resulting in death occurred during the employment. She does not allege that the medical treatment itself arose out of and in the course of employment. In addi-

tion, there is some question whether medical treatment, even assuming it satisfies the "arising out of and during the course of employment" test if properly given, satisfies that test when illegally administered.[8]

Construing the complaint most favorably to Szydlowski, the non-movant, it is apparent that she has alleged facts which would justify the conclusion that her husband's death did not arise "out of or in the course of" his employment with GM. Since one of the "conditions of liability"[9] necessary to the invocation of the Workmen's Compensation Act's exclusive remedy provision is absent, her common-law tort claim is well-pled. Accordingly, the motion for summary judgment was improperly entered and must be set aside.[10]

One other issue must be disposed of before this case will be set aright. GM has also filed a motion for accelerated judgment alleging that the circuit court lacks subject matter jurisdiction to consider the question whether the "conditions of liability" exist rendering workmen's compensation Szydlowski's exclusive remedy. Although the circuit judge's opinion does not discuss this motion, we are obliged to do so.

This question was decided in *Herman v Theis,* 10 Mich App 684; 160 NW2d 365 (1968). In that case this Court held that the workmen's compensa-

---

[8] *Pettaway v McConaghy,* 367 Mich 651, 655; 116 NW2d 789, 791 (1962), cited by defendant, is inapposite as it deals with gross negligence, not illegal conduct.

[9] MCLA 418.301; MSA 17.237(301).

[10] We cite, for the benefit of bench and bar, the following message from *Crowther, supra,* fn 7, at 431: "In a case such as the one now before us, where the resolution of the legal issue may depend greatly upon the factual context, summary judgment on the pleadings is never proper."

We leave open the question whether GCR 1963, 117.2(3) has appropriate application to these facts.

tion bureau has exclusive jurisdiction to determine whether the act's "conditions of liability" have been met. However, the continuing vitality of that decision is open to serious question.

In several instances circuit judges have been allowed to decide whether the "conditions of liability" under the Workmen's Compensation Act exist.[11] If the circuit court has jurisdiction to decide that question, then the exclusive remedy clause cannot be jurisdictional, *Herman v Theis, supra,* to the contrary notwithstanding.

In addition, the Supreme Court held in *Sergeant v Kennedy,* 352 Mich 494; 90 NW2d 447 (1958), that a motion for summary judgment of no cause of action, GCR 1963, 117.2(1), should be used to assert the related election of remedies claim. If that is true, then the issue is not a *jurisdictional* one, for otherwise a motion for accelerated judgment, GCR 1963, 116.1(2), would be proper.

Finally, in *Bugg v Fairview Farms,* 385 Mich 338; 189 NW2d 291 (1971), the Supreme Court allowed an agreement between the parties to vest the circuit court with jurisdiction to decide the "conditions of liability" question. But an objection to subject matter jurisdiction can never be waived and the parties cannot by consent grant a court subject matter jurisdiction which it does not have. *Kita v Matuszak,* 21 Mich App 421, 428; 175 NW2d 551 (1970). The conclusion is inescapable that the circuit court has concurrent jurisdiction to decide whether a given plaintiff's exclusive

[11] *Brooks v Fields,* 375 Mich 667; 135 NW2d 346 (1965), *Ladner v Vander Band,* 376 Mich 321; 136 NW2d 916 (1965), *Jones v Bouza,* 381 Mich 299; 160 NW2d 881 (1968), *Erickson, supra,* fn 4, *Hudson v Allen,* 11 Mich App 511; 161 NW2d 596 (1968), *Renfroe v Higgins Rack Coating & Manufacturing Co, Inc.* 17 Mich App 259; 169 NW2d 326 (1969), *Threet v Pinkston,* 20 Mich App 39; 173 NW2d 731 (1969), *Moore v Federal Department Stores,* 33 Mich App 556; 190 NW2d 262 (1971).

remedy is under the Workmen's Compensation Act. If the "conditions of liability" are found by the circuit judge to exist, a motion for summary judgment should be granted, without prejudice to a proper filing for compensation benefits.

We hold that the circuit court does have subject matter jurisdiction, concurrent with the workmen's compensation bureau, to determine whether the exclusive remedy provision, MCLA 418.131; MSA 17.237(131), forces Szydlowski to return to that forum to seek relief. We hold further that Szydlowski's complaint has stated a cause of action sufficient to avoid summary judgment under GCR 1963, 117.2(1).

Reversed and remanded for proceedings not inconsistent with this opinion. Costs to appellant.