400 F.Supp. 1322 (1975)
Worth H. PERCIVAL, Plaintiff,
v.
GENERAL MOTORS CORPORATION, a corp., Defendant.
No. 75-509C(1).
United States District Court, E. D. Missouri, E. D.
September 16, 1975.
Norman C. Parker, St. Louis, Mo., for plaintiff.
James E. McDaniel, Barnard, Baer, Lee, Timm & McDaniel, St. Louis, Mo., for defendant.

MEMORANDUM
MEREDITH, Chief Judge.
This action is before the Court on defendant's motion for summary judgment. The motion shall be granted.
Plaintiff Worth H. Percival was continuously employed by defendant General *1323 Motors Corporation (hereinafter GM) from 1947 to 1973, a period of twenty-six years. During this time he rose from the position of research engineer to department head of the Mechanical Development Department, a position which he held from 1968 to 1973. Plaintiff's employment during his tenure at GM, per a written contract, was on a month-to-month basis.
For purposes of a summary judgment motion, which is to be granted only where it is perfectly clear that there are no factual issues, the party opposing the motion must be given the benefit of all reasonable doubts and inferences in determining whether a genuine issue exists. Williams v. Chick, 373 F.2d 330 (8th Cir. 1967).
Plaintiff avers that his separation from employment, termed by defendants "mutually satisfactory," was, in fact, an involuntary, unjustified, and wrongful discharge. Plaintiff alleges that the reasons for his discharge included his age; the need of his immediate supervisors for a scapegoat to assuage GM President Cole's anger over what he considered misdirected research involving the swash-plate engine; and retaliation taken by GM's top management against plaintiff for his efforts, both within and without the corporate structure, to correct misleading, if not fraudulent statements (fifteen "incidents of public lying") made by GM regarding its work on alternative power plants. Plaintiff states that for these reasons defendant through its top management engaged in a campaign to discredit him and the work of his department and to deny him deserved raises and bonuses, culminating in the decision to dissolve the department which he headed and demote him to a "shelf" job with inconsequential duties, in an attempt to force him to resign.
Although plaintiff asserts that one reason for his allegedly wrongful discharge was his age and defendant's policy of "eliminating systematically the oldest employees," he states in his memorandum in opposition to defendant's motion for summary judgment that he "has not alleged a cause of action for age discrimination" and that his allegations as to age discrimination were not included in his complaint for the purpose of asserting such a cause of action. Therefore, this Court does not need to pass on an age discrimination claim in considering this motion for summary judgment.
The settled law in the majority of American jurisdictions is that an employment contract for an indefinite period, such as plaintiff has here, is terminable at will by either party for any or no reason, even if done with improper or malicious motive. McLaughlin v. Ford Motor Co., 269 F.2d 120 (6th Cir. 1959). The State of Michigan, whose law must govern in this diversity action for wrongful discharge, Donahoo v. Thompson, 291 S.W.2d 70 (Mo.1956), cert. denied 352 U.S. 941, 77 S.Ct. 261, 1 L.Ed.2d 237 (1956) follows the majority rule. McLaughlin, supra; Lynas v. Maxwell Farms, 279 Mich. 684, 273 N.W. 315 (1937).
However, plaintiff here is asserting a claim under a newly emerging theory, recognized in only a few jurisdictions, which gives an employee under an at-will employment contract a cause of action against his employer for wrongful or retaliatory discharge. The courts which have recognized this non-statutory cause of action have done so cautiously, recognizing that a proper balance must be maintained between the employee's interest in earning his livelihood and the employer's interest in operating his business efficiently and profitably. Monge v. Beebe Rubber Co., 316 A.2d 549, 551-52 (N.H.1974). In Frampton v. Central Indiana Gas Co., 297 N.E.2d 425 (Ind.1973), where an employee was discharged for filing a workmen's compensation claim, the Court held that discharge solely because of the exercise of this statutorily conferred right gave rise to a cause of action, but that this action was an exception to the still valid general *1324 rule that ". . . under ordinary circumstances, an employee at will may be discharged without cause." 297 N.E.2d at 428. On similar public policy grounds the Court in Petermann v. International Brotherhood of Teamsters, 174 Cal.App.2d 184, 344 P.2d 25 (1959), held that a complaint alleging that employee was discharged for refusing to commit perjury sufficiently stated a cause of action.
In the above two cases the acts which led to the employees' discharge involved breaches of well-defined public policy: refusal of the employee to commit a crime and the assertion by the employee of a statutorily created right. As noted in Geary v. United States Steel Corp., 319 A.2d 174, 180, n. 16 (Pa.1974), the California courts following Petermann, supra, have limited the application of the new doctrine to instances where the legislature has made an explicit declaration of public policy. However, another court has carried the new doctrine further in recognizing a cause of action where an employee was discharged for refusal to accept her foreman's sexual advances, Monge, supra. On the other hand, the Court in Geary, supra, found insufficient a complaint alleging that plaintiff was wrongfully discharged in retaliation for pointing out to his superiors the defective and dangerous nature of a product he was required to sell.
The issue to be decided on this motion is whether, accepting all of plaintiff's allegations as true, he has stated a claim under his own theory.
The strongest charge plaintiff makes is that he was forced out in retaliation for trying to correct misleading information given out by GM regarding its work on alternative power plants. Terming the situation an "Industrial Watergate", plaintiff cites instances of false and misleading information being conveyed to stockholders in annual reports and fliers and to the general public in nation-wide full-page newspaper advertisements; of his efforts to correct such misleading information in a letter to a corporate superior, all copies of which were ordered to be and were shredded; and of receiving a reprimand for conveying truthful information to representatives of another corporation with whom GM was negotiating renewal of a joint venture in the development of an alternative power plant. It seems that plaintiff also notified the SEC of GM's misleading statements to the public, but that he did not inform GM of this action until after his separation from employment was final. He makes no allegations that he was discharged because he contacted the SEC.
This Court agrees with the Court in Geary, supra, that an employee does not have a right of action for wrongful discharge where no clear mandate of public policy is violated. The mere fact that the discharge was unjustified does not give rise to a cause of action in the absence of contractual, statutory or public policy considerations. See Marin v. Jacuzzi, 224 Cal.App.2d 549, 36 Cal.Rptr. 880 (1964).
Even if plaintiff were to prove that he was discharged in retaliation for his efforts as a responsible corporate employee to correct false impressions given by the corporation to outside business associates and to urge corporate management itself to correct misleading information conveyed to the public in possible violation of the securities laws, it is the opinion of this Court that his discharge did not involve a breach of public policy sufficient to state a cause of action for wrongful or retaliatory discharge.