SVENTKO v THE KROGER COMPANY

Opinion of the Court

1. Master and Servant—Employment at Will—Termination of Employment—Retaliatory Discharge—Public Policy.

It is generally true that in an employment-at-will relationship either party may terminate the relationship for any reason or for no reason at all; however, the better view is that an employer at will is not free to discharge an employee when the reason for the discharge is an intention on the part of the employer to contravene the public policy of this state.

2. Master and Servant—Retaliatory Discharge—Workmen's Compensation Claim—Public Policy—Criminal Sanctions.

Discharge of an employee in retaliation for the employee's filing of a lawful workmen's compensation claim against an employer is not consistent with the public policy of this state, even though the Legislature has not made retaliatory discharges of this type the subject of any criminal sanction.

3. Judgment—Summary Judgment—Allegations—Retaliatory Discharge—Workmen's Compensation Claim.

A trial court in considering a defendant's motion for summary judgment is bound to accept as true all of a plaintiff's factual allegations as well as any conclusions which could reasonably be drawn therefrom; therefore, where a plaintiff employee alleges that she was discharged by a defendant employer solely in retaliation for the plaintiff's filing of a lawful claim for workmen's compensation, the trial court is bound to accept this allegation as true (GCR 1963, 117.2[1]).

Concurrence by Allen, J.

4. Judgment—Summary Judgment—Failure to State Claim—Allegations Accepted as True—Standard of Review—Retaliatory Discharge—Court Rules.

The Court of Appeals in reviewing the validity of a summary

References for Points in Headnotes

[1, 2, 5] 53 Am Jur 2d, Master and Servant §§ 49–59.

[3] 73 Am Jur 2d, Summary Judgment § 36.

[4] 4 Am Jur 2d, Appeal and Error § 104.

5 Am Jur 2d, Appeal and Error §§ 617, 723, 853.

judgment granted on the basis that the plaintiff failed to state a claim upon which relief could be granted must accept as true not only the factual allegations made in the complaint but also the conclusions, if reasonably drawn, stated in the complaint; therefore, where a plaintiff employee alleges in a complaint that her discharge by the defendant employer was in retaliation for the plaintiff's filing of a lawful workmen's compensation claim, the Court of Appeals must accept this as true even though an equally valid and legitimate conclusion could be inferred from the facts recited and the case should be remanded for a trial at which time the defendant's reasons for the plaintiff's discharge may be considered along with the allegations made by the plaintiff.

DISSENT BY DANHOF, C. J.

5. MASTER AND SERVANT—EMPLOYMENT AT WILL—DISCHARGE WITHOUT CAUSE—WORKMEN'S COMPENSATION.

   *The Michigan common-law rule that an employer, in the absence of a contract, can discharge an employee at will and without cause applies to all discharges where the employment is at will absent express provision otherwise by the Legislature or the Supreme Court; there is no provision in Michigan law that precludes an employer from discharging an employee at will after that employee has been compensated for a work-related injury.*

Appeal from Iosco, Allan C. Miller, J. Submitted March 4, 1976, at Grand Rapids. (Docket No. 25227.) Decided June 24, 1976.

Complaint by Donna Sventko against The Kroger Company for wrongful discharge from employment. Summary judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Rensberry & Foster, P. C.* (by *Richard G. Bensinger),* for plaintiff.

*Jennings, Turkelson & Crawford, P. C.,* for defendant.

Before: Danhof, C. J., and D. E. Holbrook and Allen, JJ.

D. E. Holbrook, J. On December 9, 1974, plaintiff filed a complaint against defendant company alleging that she had been wrongfully discharged from her employment with defendant. The complaint alleged that plaintiff had suffered a disabling injury while in defendant's employ on May 14, 1973; that on July 24, 1973, plaintiff filed a workmen's compensation claim; that plaintiff was treated for her disability between May 18 and November 27, 1973; and that on November 13, 1973, plaintiff was notified that she would not be allowed to return to her job or any other job with the defendant as her employment had been terminated.

Plaintiff alleged that her employment with defendant had been terminated as retaliation for her filing a workmen's compensation claim. Defendant filed a motion for summary judgment which was granted by the trial court in a written opinion. The trial court essentially found that plaintiff was an "employee at will" and, as such, could be discharged for any reason or for no reason at all. Further, the trial court held that, since there was a provision in the workmen's compensation statute prohibiting "consistent discharges", but no similar provision prohibiting discharges in retaliation for the filing of compensation claims, that the Legislature did not intend to prohibit such retaliatory discharges, nor could it be said that the public policy of the state prohibits them.

The decision below should be reversed. It is apparently true that the employment relationship present in this case was an employment at will. And, while it is generally true that either party may terminate an employment at will for any

reason or for no reason, that rule is not absolute.[1] It is too well-settled to require citation that an employer at will may not suddenly terminate the employment of persons because of their sex, race, or religion. Likewise, the better view is that an employer at will is not free to discharge an employee when the reason for the discharge is an intention on the part of the employer to contravene the public policy of this state. That the workmen's compensation statute does not directly prohibit a retaliatory discharge by employers does not hinder this opinion. Writing for three members of the Court in *Whetro v Awkerman,* 383 Mich 235, 242; 174 NW2d 783, 785 (1970), Justice T. G. KAVANAGH said:

"The purpose of the compensation act as set forth in its title is to promote the welfare of the people of

---

[1] The dissent relies on *Carry v Consumers Power Co,* 64 Mich App 292; 235 NW2d 765 (1975), as support for the "absolute rule" that an employer can discharge an employee at will and without cause. However, it must be noted that plaintiff's discharge in *Carry* was for cause, an act of violence during a labor dispute with his employer. That discharge was submitted to arbitration and involved a factual analysis. Furthermore, the dissent expressly quotes *Carry* which in turn cites *Dunn v Goebel Brewing Co,* 357 Mich 693; 99 NW2d 380 (1959). However, *Dunn* is also inapplicable. It involved the termination of an oral agreement between parties for a beer distributorship, not an employment relationship. Also, it must be noted that the dissent omits the footnote from the *Carry* quote which cites certain exceptions to the "absolute rule". That footnote reads as follows:

"This statement does not reflect statutory provisions not here in issue, for example those which prohibit discharge of an employee for engaging in lawful concerted labor activities, 29 USC §§ 158(a)(1) and (3), *National Labor Relations Board v Fleetwood Trailer Co, Inc,* 389 US 375; 88 S Ct 543; 19 L Ed 2d 614 (1967), *National Labor Relations Board v Mackay Radio & Telegraph Co,* 304 US 333; 58 S Ct 904; 82 L Ed 1381 (1938), or on account of race or sex, 42 USC § 2000e-2(a)(1), *Alexander v Gardner-Denver Co,* 415 US 36; 94 S Ct 1011; 39 L Ed 2d 147 (1974), *McDonnell Douglas Corp v Green,* 411 US 792; 93 S Ct 1817; 36 L Ed 2d 668 (1973), or otherwise." *Carry, supra,* n 1, at 296; 235 NW2d at 767.

It is implicit in the rule that there are certain exceptions, including the prohibition of contravention of public policy. *Carry* lends support to recognizing such exception rather than denying its existence.

Michigan relating to the liability of employers for injuries or death sustained by their employees. The legislative policy is to provide financial and medical benefits to the victims of work-connected injuries in an efficient, dignified, and certain form."

Discouraging the fulfillment of this legislative policy by use of the most powerful weapon at the disposal of the employer, termination of employment, is obviously against the public policy of our state. Justice T. E. BRENNAN, dissenting in *Whetro, supra,* said at 249; 174 NW2d at 787:

"The function of the workmen's compensation act is to place the financial burden of industrial injuries upon the industries themselves, and spread that cost ultimately among the consumers.

"This humane legislation was developed because the industrialization of our civilization had left in its wake a trail of broken bodies.

"Employers were absolved from general liability for negligence, in exchange for the imposition of more certain liability under the act."

The trail of broken bodies endures and increases with time. Employers who find themselves located on that trail are eager to take advantage of the freedom from general liability provided by the act. An employer cannot accept that benefit for himself and yet attempt to prevent the application of the act to the work-related injuries of his employees without acting in direct contravention of public policy. This Court cannot tolerate such conduct. *People, ex rel Attorney General v Koscot Interplanetary, Inc,* 37 Mich App 447; 195 NW2d 43 (1972).

The Legislature had seen fit to make it a crime for an employer to consistently discharge employees before they qualify under the act in order

to evade the provisions of the act. MCLA 418.125; MSA 17.237(125). The Legislature has not made retaliatory discharges of the type alleged in this case a subject of any criminal sanction. This is certainly no indication on the part of the Legislature that the latter conduct is consistent with public policy.

For purpose of considering defendant's motion for summary judgment below, the trial court was bound to accept as true all of plaintiff's factual allegations as well as any conclusions which could reasonably be drawn therefrom. GCR 1963, 117.2(1). *Szydlowski v General Motors Corp*, 59 Mich App 180; 229 NW2d 365 (1975). Therefore, the court below was bound to accept as true plaintiff's allegation that she was discharged by defendant solely in retaliation against her filing of a lawful claim for workmen's compensation. The court nevertheless found that plaintiff's case presented no exception to the common law right of the employer to discharge an employee at will for any reason or for no reason at all. As the court below was in error in so finding, the ruling should be reversed and the case remanded for proceedings consistent with this opinion, same to be heard on the merits.

Reversed and remanded. Costs to plaintiff.

ALLEN, J. *(concurring).* I agree with the result reached by Judge HOLBROOK but believe some additional comments may be helpful in this case of first impression.[1] Although the complaint alleges

---

[1] Is the well recognized legal principle that an employee at will may be discharged at any time for any reason, or for no reason at all, subject to exception where plaintiff alleges that the sole cause of discharge is the filing of a claim for workmen's compensation benefits? The issue posed has never been raised in Michigan and, in other jurisdictions, has been considered in only a handful of cases. Annotation: *Workmen's Compensation, Recovery for Discharge in Retaliation for Filing Claim*, 63 ALR3d 979, 981.

that plaintiff's discharge "was caused *solely* by the filing of plaintiff's lawful claim for Workmen's Compensation" the facts set forth in the bill disclose an equally plausible and legitimate reason for terminating the at-will employment relationship, *viz.:* that defendant was apprehensive that upon re-employment, plaintiff would sustain an aggravation or reoccurrence of the original low back injury. Given the high cost of workmen's compensation insurance in Michigan and the high rate of reoccurrence of lumbar injuries, this alternate explanation of plaintiff's discharge is at least as plausible as the one alleged by the complaint.[2]

However, for purposes of reviewing the validity of a summary judgment, we must accept as true not only the factual allegations made in the complaint but the conclusion, if reasonably drawn, stated in the complaint. In other words, we must accept as true the allegation that discharge was *solely* because plaintiff filed a compensation claim even though an equally valid and legitimate conclusion could be inferred from the facts recited.

Accordingly, this case should be remanded for a trial at which time the employer's reasons for plaintiff's discharge may be considered along with the allegations made by plaintiff. Potentially, our decision in this case opens the door to abuse by allowing spurious allegations of discharge solely because of the filing of a claim and a trial where the jury sympathies will lie in favor of plaintiff. But much of the abuse may be avoided if, at the time of discharge, the employer sets forth reasons clearly establishing that no attempt was made to dissuade the injured employee from filing a claim

---

[2] And, as I understand Judge Holbrook's opinion, a jury should be instructed to find no cause of action if it accepts the alternative explanation for the termination of this employment at will relationship.

and that the reasons for not returning the employee to work were in no way retaliatory.

As Judge HOLBROOK has indicated, the absoluteness of the rule that an employee at will may be discharged for any reason whatsoever has increasingly been circumscribed by the emerging theory that the right of arbitrary discharge is limited when the discharge contravenes a statute or is contrary to public policy. *Petermann v International Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers of America,* 174 Cal App 2d 184; 344 P2d 25 (1959) (plaintiff discharged because of his refusal to commit perjury at the employer's request. Held that discharge would be contrary to the spirit of the law and public policy); *Monge v Beebe Rubber Co,* 114 NH 130; 316 A2d 549 (1974) (jury verdict for female employee at will sustained where discharge occurred because employee resisted foreman's sexual advances); *Nees v Hocks,* 272 Or 210; 536 P2d 512 (1975) (judgment in favor of employee, discharged solely because she went on jury duty contrary to company policy, sustained); *Frampton v Central Indiana Gas Co,* 260 Ind 249; 297 NE2d 425 (1973) (judgment in favor of employee alleged to have been discharged because she filed a claim against the employer for workmen's compensation benefits). Appellate courts have approached the new doctrine on tiptoes, declining to apply it in corporate management disputes or in other situations where no clear mandate of public policy is involved.[3] The

---

[3] *Percival v General Motors Corp,* 400 F Supp 1322, 1323 (ED Mo, 1975), summary judgment for defendant granted where plaintiff, head of the mechanical development department on a month-to-month basis alleged he was discharged in retaliation for disagreement with top management regarding GM's work on alternate power plants; *Geary v United States Steel Corp,* 456 Pa 171; 319 A2d 174 (1974), trial court's dismissal of plaintiff's complaint alleging retaliatory discharge because plaintiff claimed that one of the company's new products was unsafe sustained on appeal.

case before us does not, as in *Percival and Geary,
supra,* involve some vaguely expressed public pur-
pose. Instead, it concerns a long standing statute
whose clear purpose, as defined in *Whetro v Awk-
erman,* 383 Mich 235, 242; 174 NW2d 783, 785
(1970), would obviously be violated assuming, as
we must assume, the allegations in plaintiff's com-
plaint are true. I recognize that statutes will not
be extended by implication to abrogate established
rules of common law. *McKinney v Caball,* 40 Mich
App 389; 198 NW2d 713 (1972), *Silver v Interna-
tional Paper Co,* 35 Mich App 469; 192 NW2d 535
(1971). However, we are not in this opinion extend-
ing the Workmen's Compensation Act but only
articulating what was there from the time it was
first enacted.

DANHOF, C. J. *(dissenting).* The common law of
Michigan is stated by the court in *Carry v Con-
sumers Power Co,* 64 Mich App 292, 296; 235
NW2d 765 (1975):

"An employer, in the absence of a contract, can
discharge an employee at will and without cause. *Dunn
v Goebel Brewing Co,* 357 Mich 693; 99 NW2d 380
(1959)." [Footnote omitted.]

Absent express provision otherwise by the Legisla-
ture or the Supreme Court, this rule applies to all
discharges where the employment is at will.

The Michigan workmen's compensation law is
statutory, except for the judicial interpretations
present in the case law. There is no provision that
precludes an employer from discharging an em-
ployee at will after that employee has been com-
pensated.

In the instant case, the plaintiff was discharged
by her employer *after* she was fully compensated.

The discharge did not prevent the plaintiff from being compensated for her injury under the workmen's compensation law. There is no allegation that the defendant attempted to hinder her recovery. There has been absolutely no showing that the defendant has had a practice of discharging employees after they had recovered under the workmen's compensation law. The employment relationship was an employment at will. Thus, under the applicable common law rule, the employer could lawfully discharge the plaintiff unless he was precluded from doing so by an express provision otherwise. *Carry v Consumers Power Co, supra.* No such provision applies here.

The majority has in effect engaged in judicial legislation. While it may evoke some generalized sympathy, the "trail of broken bodies" argument has no relevance to the present case. As emphasized above, the plaintiff has been made whole. Changing the law under the present facts is grievous error. The decision of the majority is contrary to the rule followed by the Supreme Court as set forth in *Carry v Consumers Power Co, supra.* Under the guise of "public policy" they have gone beyond judicial interpretation to create a new cause of action without express legislative authority.

For these reasons, I would affirm the decision of the trial court.