Fath OBEID, Plaintiff,

v.

**MERIDIAN AUTOMOTIVE SYSTEMS, Defendant.**

No. 03–CV–72134–DT.

United States District Court,
E.D. Michigan,
Southern Division.

Dec. 15, 2003.

752

Ernest F. Friedman, James R. Murphy, Southfield, MI, for Plaintiffs.

Louis C. Rabaut, Andrea J. Bernard, Brigette L. Halseth, Warner, Norcross & Judd, P.C., Southfield, MI, for Defendants.

**ORDER DENYING PLAINTIFF'S "MOTION TO REMAND"**

CLELAND, District Judge.

Pending before the court is Plaintiff's October 17, 2003 "Motion to Remand." Plaintiff Fath Obeid initially filed this action in Michigan state court, alleging retaliatory discharge in violation of three statutes: (1) Michigan's Workers' Disability Compensation Act ("WDCA"), Mich. Comp. Laws § 418.101 *et seq.;* the federal Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.;* and the Michigan Persons with Disabilities Civil Rights Act ("MPDCRA"), Mich. Comp. Laws § 37.1101.

On May 30, 2003, Defendant Meridian Automotive Systems removed the case to federal court under 28 U.S.C. § 1441. Plaintiff's instant motion seeks remand arguing that the case is not removable pursuant to 28 U.S.C. § 1445(c) because it involves a civil action arising under Michigan's workers' compensation laws. The matter has been adequately briefed and the court concludes that no hearing on the motion is necessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons set forth below, the court will deny Plaintiff's motion.

## I. PLAINTIFF'S FMLA & MPDCRA CLAIMS

28 U.S.C. § 1441 allows a defendant to remove an action from state to federal court when the federal district court has "original jurisdiction founded on a claim or right arising under" federal law. *See* 28 U.S.C. § 1441(b). To determine the presence or absence of a federal question, courts must look to the "well-pleaded complaint rule." *See Rivet v. Regions Bank of Louisiana,* 522 U.S. 470, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998). The rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.*

Plaintiff alleges that Defendant retaliated against him in violation of the federal FMLA. Obviously, this claim arises under federal law and the court has original jurisdiction over such claims. *See* 28

U.S.C. § 1331. Therefore, Defendant's removal of the FMLA claim is permitted under the relevant removal statutes. *See* 28 U.S.C. § 1441(a) ("Except as otherwise provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by ... defendants ...."); 28 U.S.C. § 1441(b) ("Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removed without regard to the citizenship or residence of the parties ....").[1]

▇ Additionally, under 28 U.S.C. § 1367(a), federal courts can exercise supplemental jurisdiction over state law claims that form part of the same case or controversy as the claim with original federal jurisdiction. *See* 28 U.S.C. § 1367(a) ("[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."). Claims form part of the same case or controversy when they "derive from a common nucleus of operative facts." *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 454–55 (6th Cir. 1996); *accord White v. County of Newberry, S.C.*, 985 F.2d 168, 172 (4th Cir.1993) (recognizing that claims form part of same case or controversy if they "revolve around a central fact pattern").

▇ Plaintiff's claims of retaliatory discharge under federal and state law "revolve around a central fact pattern." *Id.* All three counts of Plaintiff's complaint allege adverse action taken by Defendant regarding his medical condition and physical disability. All three counts appear to be premised on the same or similar incidents of alleged retaliation and thus, the court finds that they "derive from a common nucleus of operative facts." *Ahearn*, 100 F.3d at 454–55. Accordingly, removal of Plaintiff's state law claims is supported by supplemental jurisdiction. The remaining issue to be resolved is whether removal of Plaintiff's WDCA claim is prohibited by 28 U.S.C. § 1445(c).

## II. 28 U.S.C. § 1445

Plaintiff argues that removal was improper under 28 U.S.C. § 1445(c), which provides, "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." *Id.* Plaintiff asserts that his retaliatory discharge claim arises under the Michigan Workers' Disability Compensation Act, and thus, is not removable under § 1445(c). The court disagrees for two reasons: (1) a retaliation claim based on Michigan's WDCA is removable notwithstanding § 1445(c); and (2) Plaintiff's motion to remand is not timely under 28 U.S.C. § 1447(c).

### A. Removal of Retaliation Claim Based on Michigan's WDCA

▇ Count I of Plaintiff's complaint alleges retaliation in violation of the Michigan Worker's Disability Compensation Act, Mich. Comp. Laws § 418.301(11). The specific provision that Plaintiff relies on states:

A person shall not discharge an employee or in any manner discriminate against

---

1. Plaintiff's brief in support of his motion for remand states that the FMLA claim should be remanded to state court, essentially because the state court would have concurrent jurisdiction over the claim. Although, Plaintiff is correct in noting that state courts share concurrent jurisdiction over FMLA claims, this point is of no consequence in the removal analysis.

an employee because the employee filed a complaint or instituted or caused to be instituted a proceeding under this act or because of the exercise by the employee on behalf of himself or herself or others of a right afforded by this act.

Mich. Comp. Laws § 418.301(11). Although this language is within Michigan's workers' compensation scheme, the state of Michigan's definition of "workmen's compensation laws" does not control for purposes of the § 1445(c) limitation. To determine if Plaintiff's claim is one "arising under" the state's "workmen's compensation laws," the court must look to federal law. *See Grubbs v. General Electric Credit Corp.*, 405 U.S. 699, 705, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972); *Standard Oil Co. v. Johnson*, 316 U.S. 481, 483, 62 S.Ct. 1168, 86 L.Ed. 1611 (1942). Since § 1445(c) is a matter of federal law, the way a state categorizes a cause of action is not binding on federal courts. Instead, the federal court must be satisfied that, according to federal law, the cause of action actually arises under the state's workers' compensation laws.

There is a split of authority among the circuits regarding the issue in this case: whether a retaliatory discharge claim premised in part on a state's workers' compensation laws is a claim "arising under the workmen's compensation laws" of the state. *Compare Spearman v. Exxon Coal USA, Inc.*, 16 F.3d 722 (7th Cir.1994) (holding that retaliation claim did not arise under state's workers' compensation laws), *with Reed v. The Heil Co.*, 206 F.3d 1055 (11th Cir.2000) (holding the retaliation claim did arise under state's workers' compensation laws), *Suder v. Blue Circle, Inc.*, 116 F.3d 1351 (10th Cir.1997) (same), *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238 (8th Cir.1995) (same), *and Jones v. Roadway Express, Inc.*, 931 F.2d 1086 (5th Cir.1991) (same). The disparate conclusions reached among the circuit courts can be best explained as a result of dealing with different state laws. Each state took a different approach to reach the same goal: prohibiting retaliatory discharge against employees that file for workers' compensation. Judge Smith, of the Northern District of Alabama, explained that a synthesizing principle emerges from the disparate holdings:

> In spite of the discordant results sounded by the [federal courts], certain harmonizing themes can be discerned amid the cacophony. First, in those states where an action for retaliatory discharge was tailored by the judiciary, cut from the common law cloth of that jurisdiction, federal courts generally hold the tort does *not* "arise under" the workers' compensation laws of that state, and, accordingly 28 U.S.C. § 1445(c) does not prohibit removal. On the other hand, where the legislature of a state created the remedy, and particularly when the enabling statute is located within the general workers' compensation provisions of that state's code, the majority of federal courts hold the action *does* "arise under" the worker's compensation laws of the state and may not be removed to federal court pursuant to 28 U.S.C. § 1445(c).

*Roberts v. Beaulieu of America, Inc.*, 950 F.Supp. 1509, 1515–16 (N.D.Ala.1996) (citations omitted). The Seventh Circuit's decision in *Spearman* and the discussion of that decision amongst the circuits has led to the above distinction.

In *Spearman*, the Seventh Circuit held that an employee's retaliatory discharge claim did not arise under the workers' compensation laws of Illinois so as to preclude removal under § 1445(c). *Spearman*, 16 F.3d at 724–26. Although Illinois had a provision under its workers' compensation act covering retaliatory discharge, the court held that removal was appropri-

ate.[2]  In reaching its decision, the court discussed the legislative history behind § 1445(c), which was enacted in 1958.  The court observed, "[L]iability without fault (and with limited recovery) for injuries in the course of employment was the standard definition [of workmen's compensation law] . . . in 1958 and before."  *Id.* at 724.  "*No* case or definition from the 1950s and before-at least none that we could find-treats unlimited liability for an intentional tort as part of a workers' compensation program."  *Id.* (emphasis in original).  The court concluded that "[a] fault-based regime with common law damages is not a 'workmen's compensation law' no matter what the state calls it."

The *Spearman* court held that, despite the presence of § 305/4(h) of Illinois Workers' Compensation Act, a retaliatory discharge action did not arise under the state's workers' compensation laws.  To support its holding, the court emphasized that an action for retaliatory discharge was established by common law rather than the workers' compensation statute.  *Id.* at 725 ("The anti-retaliation rule in the workers' compensation law, which lacks any enforcement mechanism, has played no role in [the development of a tort action based on retaliation] and plays no role in litigation . . . .").  The statute at issue in *Spearman* never mentioned the right of an employee to pursue private remedies for retaliatory discharge, but the Illinois courts had found an inferred cause of action under the statute.  *Id.* ("Workers'

compensation law [only] serves as the background of the [retaliatory discharge] tort, furnishing the 'public policy' that the employer must respect.").  The fact that a private remedy was establish through common law meant that it did not arise under the state's workers' compensation laws.

Other courts have distinguished *Spearman* based on the differences in the state laws that were being scrutinized.  For example, the Eighth Circuit found that the *Spearman* court "specifically explained that the plaintiff's fault-based retaliatory discharge claim was not embodied in the Illinois statutory workers' compensation scheme, but rather derived from the state's common law."  *Humphrey,* 58 F.3d at 1245.  In contrast, the state law at issue in *Humphrey* explicitly gave retaliated-against employees "a civil action for damages against his (or her) employer."  *Id.* Thus, the action arose under the state's workers' compensation laws.  *See Suder,* 116 F.3d at 1352 ("[*Spearman* ], however, is distinguishable.  In *Spearman,* the court was careful to point out that the Illinois law of retaliatory discharge had its genesis, not in any statutory workers' compensation scheme, but rather in the general tort law of the state."); *see also Reed,* 206 F.3d at 1060 ("Because the [cause] of action at issue in *Spearman* . . . [is] so different from Alabama's retaliatory discharge statute, [that case has] little persuasive force here.").

---

2.  Illinois Complied Statutes § 305/4(h) provides:

It shall be unlawful for any employer, insurance company or service or adjustment company to interfere with, restrain or coerce an employee in any manner whatsoever in the exercise of the rights or remedies granted to him or her by this Act or to discriminate, attempt to discriminate, or threaten to discriminate against an employee in any way because of his or her exercise

of the rights or remedies granted to him or her by this Act.

It shall be unlawful for any employer, individually or through any insurance company or service or adjustment company, to discharge or to threaten to discharge, or to refuse to rehire or recall to active service in a suitable capacity an employee because of the exercise of his or her rights or remedies granted to him or her by this Act.

■ The court finds that Michigan's treatment of retaliatory discharge in the context of workers' compensation claims is most similar to the Illinois law examined in *Spearman,* and that the holding in that case is applicable here. The language of Michigan Compiled Laws is essentially the same as the statute at issue in *Spearman,* in that it announces a public policy against retaliation, but provides no private cause of action under the statute.

Michigan's Worker's Disability Compensation Act did not create a cause of action for retaliation because a private cause of action for retaliation existed in Michigan prior to the enactment of § 418.301(11). In *Sventko v. Kroger Co.,* 69 Mich.App. 644, 245 N.W.2d 151, 153 (1976), the court noted that the state's workers' compensation act at that time did not specifically prohibit retaliatory discharges. The court, however, recognized that public policy prohibited an employer from discharging an employee merely because he filed a workers' compensation claim. *Id.,* 245 N.W.2d at 153–54. Therefore, "the [Michigan] Court of Appeals recognized a cause of action for discharge in retaliation for filing a worker's compensation claim." *Phillips v. Butterball Farms Co., Inc.,* 448 Mich. 239, 531 N.W.2d 144, 146 (1995); *Dunbar v. Dept. of Mental Health,* 197 Mich.App. 1, 495 N.W.2d 152, 155 (1993) ("This Court recognized a claim for retaliatory discharge in connection with the act even before the Legislature codified the claim under M.C.L. § 418.301(11)."). Just as in Illinois, the right of an employee to pursue a tort action had to be recognized under common law because no statutory language created a private remedy for retaliatory discharge. *Phillips,* 531 N.W.2d at 146 ("The [Michigan] Court of Appeals thus found that, although there was no explicit statutory proscription, the public policy expressed in the worker's compensation act precluded an employer from discharging an employee for filing a claim.").

The other factors considered by the *Spearman* court also weigh against remand in this case. According to legislative history, "§ 1445(c) is designed to prevent removals that would nullify the 'expedit[ious] and inexpensive' procedures states had devised for workers' compensation claims." *Spearman,* 16 F.3d at 724. The expeditious and inexpensive procedures found in Michigan's Worker's Disability Compensation Act are not utilized when an employee alleges retaliatory discharge. Rather, the claim is treated like any other tort. *See Delke v. Scheuren,* 185 Mich.App. 326, 460 N.W.2d 324, 327–328 (1990) (holding that the Bureau of Workers' Disability Compensation did not have jurisdiction to hear retaliation claim, explaining that the Michigan legislature's intent was not to create an administrative remedy for retaliatory discharge); *Lamoria v. Health Care & Retirement Corp.,* 230 Mich.App. 801, 584 N.W.2d 589, 600 (1998) (applying a burden-shifting analysis to retaliatory discharge workers' compensation claims instead of more expeditious procedures used for typical no-fault workers' compensation claims). Furthermore, since retaliatory discharge claims are treated as torts, successful plaintiffs can be awarded a full range of damages. *See Dunbar,* 495 N.W.2d at 157. The *Spearman* court found that "workers' compensation regimes entail limited compensation without fault." *Spearman,* 16 F.3d at 724. Retaliation claims in Michigan, like the Illinois law at issue in *Spearman,* allow for regular tort damages and require a showing of fault.

In *Thornton v. Denny's Inc.,* No. 92–1368, 1993 WL 137078 (6th Cir. April 29, 1993), the Sixth Circuit briefly examined whether the district court had jurisdiction to hear an employee's § 418.301(11) retaliatory discharge claim in light of 28 U.S.C. § 1445(c). The panel stated, "[W]e find that [plaintiff's] claim does not arise under

the Michigan worker's compensation law .... The worker's compensation statute provides neither the mechanisms nor the remedy for this type of suit." *Id.* at *2. Thus, the Sixth Circuit held that the district court properly retained the case. This appears to be the only instance where the Sixth Circuit addressed the question at issue in this motion. The discussion in *Thornton*, although brief, indicates that the Sixth Circuit recognizes that § 418.301(11) of Michigan's workers' compensation law is analogous to the Illinois law examined in *Spearman*.[3] In accordance with the Sixth Circuit's discussion in *Thornton* and the persuasive analysis in *Spearman*, removal in this case is appropriate and remand will not be ordered. 28 U.S.C. § 1445(c) is not applicable to Plaintiff's retaliatory discharge claim because it does not arise under Michigan's workers' compensation law.

## B. Waiver Under 28 U.S.C. § 1447(c).

■ 28 U.S.C. § 1447 governs procedure after removal generally. Section 1447(c) states, in relevant part: "A motion to remand the case on the basis of any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." In this case, Defendant filed its notice of removal on May 30, 2003. Plaintiff did not file a motion to remand until October 17, 2003, well past the thirty days provided for such a motion under

§ 1447(c). Therefore, the remaining issue becomes whether Plaintiff's argument based on § 1445(c) is a challenge to the court's subject matter jurisdiction.

The court finds that Plaintiff's argument against removal of his WDCA claim is not jurisdictional in nature and may be waived if not timely raised. Section 1445(c) applies to prohibit the *removal* of a civil action arising under the workmen's compensation laws of a state. It does not prohibit federal district court's from exercising supplemental jurisdiction under § 1367. The state worker compensation statutes themselves may affect the court's jurisdiction by requiring claims to be filed with an administrative agency. However, such is not the case for claims of retaliatory discharge for exercising rights under Michigan's WDCA.

As noted above, the expeditious and inexpensive procedures found in Michigan's WDCA are not utilized when an employee alleges retaliatory discharge. Such a claim is treated like any other tort and can be filed in state court. *See Delke*, 460 N.W.2d at 327–28 (holding that the Bureau of Workers' Disability Compensation did not have jurisdiction to hear retaliation claims and explaining that the Michigan legislature's intent was not to create an administrative remedy for retaliatory discharge.); *see also Lamoria*, 584 N.W.2d at 600; *Chiles v. Machine Shop, Inc.*, 238

**3.** In *Knox v. Roy Jorgensen Associates, Inc.*, No. 02–70659, 2002 WL 1009715 (E.D.Mich. April 30, 2002), the district court reached the opposite conclusion. The court stated, "The *Thorton* [sic] case did not expressly hold that 'retaliatory discharge' for filing a worker's compensation claim does not arise under the Michigan worker's compensation law." *Id.* at *2. Rather, "[t]he 'claim' noted by the Sixth Circuit consisted of claims in addition to the retaliatory discharge claim." *Id.*

This court, however, reads the *Thornton* decision as applying to each claim individually instead of as a whole. The Sixth Circuit ruled that jurisdiction was proper for all the claims because each one individually satisfied the requirements for removal. If one of the claims was improperly retained by the district court in violation of a federal statute, the Sixth Circuit should have held that the improper claim be remanded. Because the Sixth Circuit found that jurisdiction over all of Thornton's claims was proper, it could have only concluded that each claim individually, including the retaliation claim, was properly in federal court under the relevant removal statutes.

Mich.App. 462, 606 N.W.2d 398 (1999). As such, Plaintiff could have initially filed in federal district court. The court is unaware of any authority that would prohibit its exercise of supplemental jurisdiction over the state claim for retaliation based on Mich. Comp. Laws § 418.301(11).

Several circuit courts of appeals have also concluded that failure to challenge removal under § 1445(c) is a procedural defect that may be waived. *See Williams v. AC Spark Plugs Div. of General Motors,* 985 F.2d 783, 786 (5th Cir.1993); *Vasquez v. North County Trans. District,* 292 F.3d 1049, 1062 (9th Cir.2002); *Phillips v. Ford Motor Co.,* 83 F.3d 235, 236 n. 3 (8th Cir.1996); *Wiley v. United Parcel Service,* 11 Fed.Appx. 176, 177 (4th Cir.2001). Thus, even if Plaintiff's claim for retaliatory discharge in violation of the WDCA would be subject to the non-removal provision of § 1445(c), it was untimely under 28 U.S.C. § 1447(c).

### III. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's "Motion to Remand Action to State Court" [Dkt. # 8] is DENIED