HRAB v HAYES-ALBION CORPORATION

Docket No. 49585. Submitted December 3, 1980, at Grand Rapids.—
Decided January 22, 1981.

Plaintiff, Paul Hrab, was employed by defendant, Hayes-Albion
Corporation, under an oral contract. Defendant discharged
plaintiff. Plaintiff brought an action for wrongful discharge and
breach of contract. In his complaint, plaintiff claimed that he
was dicharged in bad faith and with malice and/or in retalia-
tion for his having filed for workers' disability compensation
benefits or to forestall his filing of a petition for such benefits.
Defendant moved for summary judgment on the bases that
plaintiff's claim failed to set forth a claim upon which relief
could be granted and that there was no genuine issue as to any
material fact. Plaintiff, by affidavit, further asserted that the
oral contract of employment included a promise by the defen-
dant that plaintiff would only be discharged for good cause. The
Calhoun Circuit Court, Paul Nicolich, J., granted defendant's
motion. Plaintiff appeals. *Held:*

1. Employment contracts for an indefinite term, such as the
one at issue, are generally construed to be terminable at the
will of either party unless some special consideration has
passed from the employee to the employer or the discharge of
the employee would contravene some public policy.

2. Even though an employment contract is for an indefinite
term, if such contract contains a provision that the employee
will not be discharged except for good cause, such contracts of
employment are legally enforceable. Plaintiff's allegations that
the oral contract of employment included a provision that he
would not be discharged except for good cause coupled with his

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 53 Am Jur 2d, Master and Servant §§ 27, 34.
[2] 53 Am Jur 2d, Master and Servant §§ 43, 70.
[3] 81 Am Jur 2d, Workmen's Compensation § 55.
Workmen's compensation: recovery for discharge in retaliation for
filing claim. 63 ALR3d 979. [4] 73 Am Jur 2d, Statute of Frauds
§ 533 *et seq.*
Performance as taking contract not to be performed within a year
out of the statute of frauds. 6 ALR2d 1053.

allegations that his discharge was in bad faith and with malice were sufficient to raise a question of fact and render improper the granting of summary judgment.

3. Plaintiff's allegation that his discharge was in retaliation for his having filed a claim for workers' disability compensation benefits or to forestall the filing of the same was sufficient to raise a question of fact. Since such retaliatory discharges are contrary to public policy, the granting of defendant's motion for summary judgment was improper, even though plaintiff's contract of employment was for an indefinite term.

4. Plaintiff's oral contract of employment was not violative of the statute of frauds even though it is clear that in all probability the contract would extend over a number of years, since the contract was capable of being completed in less than one year.

Reversed and remanded.

1. MASTER AND SERVANT — EMPLOYMENT CONTRACTS — EMPLOYMENT FOR INDEFINITE TERM — TERMINATION OF EMPLOYMENT.

Employment contracts for an indefinite term are generally construed to be terminable at the will of either party unless some special consideration, other than the services to be performed by the employee, has passed from the employee to the employer or the discharge of the employee would contravene some public policy.

2. MASTER AND SERVANT — EMPLOYMENT CONTRACTS — EMPLOYMENT FOR INDEFINITE TERM — GOOD CAUSE — PLEADINGS — SUMMARY JUDGMENT.

An employment contract containing a provision that the employee will not be discharged except for good cause is legally enforceable even though the contract is for an indefinite term; allegations by a discharged employee that his oral employment contract included a provision that discharge would only be for good cause and that his discharge was in bad faith and with malice present a question of fact which could not be decided on a motion for summary judgment.

3. MASTER AND SERVANT — EMPLOYMENT CONTRACTS — RETALIATORY DISCHARGE — WORKERS' COMPENSATION CLAIM — PUBLIC POLICY.

Termination of an employee's employment in retaliation for the employee's having filed a petition for workers' compensation benefits or to forestall the filing of the same is contrary to public policy.

4. FRAUDS, STATUTE OF — ORAL CONTRACTS — COMPLETION WITHIN
   ONE YEAR.
   An oral contract which is capable of being completed in less than
   one year is not violative of the statute of frauds even though it
   is clear that in all probability the contract will extend for a
   period of years.

*Wilcox & Robison, P.C.* (by *John M. Sims*), for
plaintiff.

*Varnum, Riddering, Wierengo & Christenson* (by
*Carl E. VerBeek* and *John H. Brown*), for defendant.

Before: R. B. BURNS, P.J., and R. M. MAHER and
J. T. KALLMAN,* JJ.

R. B. BURNS, P.J. Plaintiff filed suit against defendant for wrongful discharge from employment
and breach of their employment agreement. In
October, 1973, plaintiff was hired by defendant as
an hourly union laborer. Plaintiff worked in such
a capacity until September, 1977, when he accepted an offer from defendant to become a member of its supervisory staff pursuant to an oral
contract of employment. In his complaint, plaintiff
claimed that he was discharged (1) in bad faith
and with malice and/or (2) in retaliation for his
having filed a petition for workers' disability compensation benefits or to forestall his filing a petition for such benefits.

Defendant responded by filing a motion for summary judgment, claiming that plaintiff had failed
to set forth a claim upon which relief could be
granted and that there was no genuine issue as to
any material fact. GCR 1963, 117.2(1) and (3). Both
parties submitted affidavits in support of their
respective positions. Plaintiff conceded, in his affi-

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

davit, that the employment contract was for an indefinite term; however, he further alleged therein that pursuant to the contract he could be discharged only for good cause. After a hearing on the matter, the trial court granted defendant's motion. Plaintiff appeals, and we reverse.

The issue in the case at bar is whether the oral contract of employment between the parties was, as a matter of law, terminable at will notwithstanding the provision that plaintiff could be discharged only for good cause.

Courts have generally construed employment contracts for an indefinite term to be terminable at the will of either party. *Lynas v Maxwell Farms,* 279 Mich 684, 687; 273 NW 315 (1937). However, such a construction is not appropriate in every case. Where special consideration has passed from the employee to the employer, other than the services to be performed by the employee, courts have held that the employment contract is not terminable at will, even if the contract was for an indefinite term. *Lynas, supra.* See also *Rowe v Noren Pattern & Foundry Co,* 91 Mich App 254; 283 NW2d 713 (1979). In addition, although at will employment contracts are generally terminable at any time for any reason by either party, exceptions have been recognized where discharge would contravene some settled public policy. *Trombetta v Detroit T & I R Co,* 81 Mich App 489; 265 NW2d 385 (1978), *Sventko v The Kroger Co,* 69 Mich App 644; 245 NW2d 151 (1976).

In the recently decided case of *Toussaint v Blue Cross & Blue Shield of Michigan,* 408 Mich 579, 598; 292 NW2d 880 (1980), the Supreme Court held that a provision of an employment contract providing that the employee shall not be discharged except for cause is legally enforceable even though

the contract is for an indefinite term. Accordingly, the Court held that the plaintiffs' testimony that they were told that they would not be discharged so long as they did their jobs "made submissible to the jury whether there was an agreement for a contract of employment terminable only for cause". *Toussaint, supra,* 597. Because plaintiff in the case at bar presented sufficient factual support for his contention that his contract of employment was terminable only for good cause, we hold that the lower court erred in granting defendant's motion for summary judgment with respect to plaintiff's claim that he was discharged in bad faith and with malice and not for good cause.

In *Sventko, supra,* the Court held it to be contrary to public policy for an employer to discharge an employee in retaliation for the employee's having filed a petition for workmen's compensation benefits. Similarly, in the present case it cannot be said the plaintiff's allegation that he was discharged because he filed a workers' disability compensation claim or to forestall such a filing by him was a claim upon which relief could not be granted. GCR 1963, 117.2(1). Furthermore, plaintiff's complaint and affidavit set forth facts sufficient to establish a genuine issue of material fact. GCR 1963, 117.2(3). Therefore, this case must be remanded for trial.

Finally, for the reasons stated by the Court in *Rowe, supra,* 256-257, we hold that the oral contract involved herein was not within the statute of frauds. Accordingly, the absence of a writing does not prevent plaintiff from enforcing his rights under that agreement.

Reversed. Costs to plaintiff.