PHILLIPS v BUTTERBALL FARMS COMPANY, INC
(AFTER SECOND REMAND)

Docket No. 97976. Argued November 2, 1994 (Calendar No. 14).
Decided March 21, 1995.

Teresa Phillips brought an action in the Kent Circuit Court
against Butterball Farms Company, Inc., claiming that she was
discharged in retaliation for exercising rights under the work-
er's compensation act by requesting that medical bills for
injuries suffered on the job be paid. The court, Robert A.
Benson, J., granted summary disposition for the defendant,
ruling that punitive damages or damages for mental or emo-
tional distress could not be recovered. The Court of Appeals,
MAHER, P.J., and SULLIVAN and REILLY, JJ., affirmed in an
unpublished opinion per curiam (Docket No. 118024). The
Supreme Court vacated and remanded the case for reconsidera-
tion. 439 Mich 895 (1991). On remand, the Court of Appeals,
SULLIVAN, P.J., and REILLY and JANSEN, JJ., affirmed in an
unpublished opinion per curiam, finding that the cause of
action sounded in contract (Docket No. 147501). The Supreme
Court again vacated and remanded the case for reconsideration
in light of *Dunbar v Dep't of Mental Health,* 197 Mich App 1
(1992). 442 Mich 911 (1993). On second remand, the Court of
Appeals, McDONALD, P.J., and REILLY and JANSEN, JJ., re-
versed, holding that the cause of action sounded in tort, permit-
ting damages for mental or emotional distress, but that because
the plaintiff was an employee at will, only limited or nominal
damages could be recovered (Docket No. 165049). The plaintiff
appeals.

In an opinion by Justice LEVIN, joined by Justices CAVANAGH,
BOYLE, and MALLETT, the Supreme Court *held:*

Although Phillips was an employee at will, recovery is not
limited to nominal damages. If she can establish that she was
discharged for exercising rights under the worker's compensa-

REFERENCES

Am Jur 2d, Wrongful Discharge §§ 25, 26.
Recovery for discharge from employment in retaliation for filing
workers' compensation claim. 32 ALR4th 1221.

tion act, she may recover compensation for lost wages, back and front pay, and mental or emotional distress damages.

1. A cause of action seeking damages from an employer for retaliatory discharge for filing a worker's compensation claim is independent of the contract, and sounds in tort, not contract. While the contractual relationship is "at will," it is not the source of an employee's right to protection. The right stems not from an implied promise by the employer, but from the worker's compensation statute.

2. Because this action sounds in tort, the available damages are not limited by contract principles. Thus, the plaintiff is not required to plead a separate claim for intentional infliction of emotional distress to recover damages, nor must she meet the burdens requisite to establishing that cause of action. She stated a separate and independent basis for recovery of mental and emotional distress damages. She may recover lost wages because she had a reasonable expectation that she would not be terminated for filing a worker's compensation claim, despite the nature of the employment relationship. Because the right to recovery under the public policy exceptions to the employment at will doctrine arises independently of the employment contract, she should be compensated for lost wages. Nominal damages would not compensate her for the loss of employment, nor would they provide sufficient deterrence to employers who would violate the statute.

Reversed and remanded.

Justice RILEY, joined by Chief Justice BRICKLEY, dissenting, stated that a common-law action claiming retaliation for asserting worker's compensation rights sounds in contract, and damages are limited to traditional contract remedies. Appropriate remedies would include reinstatement and back pay from the date of the discharge to the date of judgment, not mental distress or exemplary damages. This type of wrongful discharge gives rise to a judicially created cause of action that attempts to protect an expressed state policy that is implied in every contract of employment, i.e., the right to assert worker's compensation rights without being discharged or discriminated against. The liability associated with worker's compensation does not derive from the fault or negligence of the employer, but from injury arising out of and in the course of employment.

Justice WEAVER took no part in the decision of this case.

201 Mich App 663; 506 NW2d 606 (1993) reversed.

WORKER'S COMPENSATION — EMPLOYMENT AT WILL — RETALIATORY DISCHARGE — TORTS.

A cause of action seeking damages from an employer for retalia-

tory discharge for filing a worker's compensation claim is independent of the contract, and sounds in tort, not contract; while the contractual relationship is "at will," it is not the source of an employee's right to protection; the right stems not from an implied promise by the employer, but from the worker's compensation statute (MCL 418.301[11]; MSA 17.237[301][11]).

*Drew, Cooper & Anding* (by *Stephen R. Drew* and *Amy L. Young*) for the plaintiff.

*Miller, Johnson, Snell & Cummiskey, P.L.C.* (by *Craig H. Lubben*), for the defendant.

Amicus Curiae:

*Clark, Klein & Beaumont* (by *Dwight H. Vincent, J. Walker Henry,* and *Donica T. Thomas*) for Michigan Manufacturers Association.

AFTER SECOND REMAND

LEVIN, J. Plaintiff Teresa Phillips, an employee at will, commenced this action against her former employer, defendant Butterball Farms Company, Inc., claiming that she was discharged for exercising rights under the worker's compensation act. The circuit court entered orders limiting the damages recoverable, and trial has been deferred to provide Phillips with an opportunity to appeal those orders.

The Court of Appeals held that because Phillips was an employee at will, damages for lost wages will be nominal and the measure of damages for mental or emotional distress will also be limited.

We hold that, although Phillips was an employee at will, recovery is not limited to nominal damages, and, if she can establish that she was discharged for exercising rights under the worker's

compensation act, she may recover compensation for lost wages, back pay and front pay, and mental or emotional distress damages. The parties have not briefed or argued the issues that might arise respecting the length of front pay and mitigation of damages. We remand for trial.

I

Phillips was a probationary employee at Butterball. She injured her wrist on the job, and returned to work on August 19, 1986, five days after the injury. She alleges that she claimed benefits under the worker's compensation act by requesting that her medical bills be paid by Butterball and was met with a hostile attitude, and, approximately two weeks later, before the end of the probationary period, her employment was terminated.

Phillips commenced this action,[1] and the circuit court entered the orders limiting damages.[2] The Court of Appeals essentially affirmed the circuit court orders limiting damages.[3]

The Court of Appeals[4] ruled that the instant case was factually similar to *Dunbar v Dep't of*

[1] The circuit court granted summary disposition in favor of Butterball dismissing Phillips' claims of handicap discrimination and breach of implied contract.

[2] The circuit court ruled that Phillips could not recover punitive damages or damages for mental or emotional distress.

[3] The Court of Appeals affirmed in an unpublished opinion per curiam, issued February 22, 1991 (Docket No. 118024). This Court vacated the judgment of the Court of Appeals and remanded for reconsideration. 439 Mich 895 (1991). On remand, in an unpublished opinion per curiam, issued May 14, 1992 (Docket No. 147501), the Court of Appeals found that Phillips' cause of action was in contract. This Court again vacated and remanded, this time for reconsideration in light of *Dunbar v Dep't of Mental Health,* 197 Mich App 1; 495 NW2d 152 (1992). 442 Mich 911 (1993).

[4] 201 Mich App 663; 506 NW2d 606 (1993).

*Mental Health,* 197 Mich App 1; 495 NW2d 152 (1992), and that, under Administrative Order No. 1990-6, it was bound to follow *Dunbar.* The Court, however, criticized *Dunbar.*[5]

The Court said that, because it was bound to follow *Dunbar,* it was "compelled to conclude that plaintiff's cause of action sounds in tort, and, therefore, plaintiff may claim all the damages allowed for that cause of action, including damages for mental or emotional distress."[6] The Court, however, limited the amount recoverable:

> [T]he measure of damages for her mental or emotional distress necessarily will be *confined to proof of distress arising solely from the retaliatory nature of the discharge,* because an at will employee has no reasonable expectation of being continued in employment. Similarly, whether the action be in tort or contract, damages for *lost wages will be nominal* because an at-will employee cannot show a reasonable expectation of continued employment.[7] [Emphasis added.]

[5] The Court said:

> Furthermore, the *Dunbar* majority has presented no rationale for distinguishing between retaliatory discharge for filing a workers' compensation claim and other types of retaliatory discharge that are equally offensive to public policy. The mere fact that the Workers' Disability Compensation Act has codified the public policy against retaliatory discharge for filing a workers' compensation claim is not a sufficient basis for ignoring the underlying basis for the cause of action, i.e., that some grounds for discharge are so contrary to public policy as to give rise to an action for wrongful discharge, even though the employer-employee relationship is "at will." . . . The majority in *Dunbar* acknowledged that a retaliatory discharge is a type of wrongful discharge, but did not explain how the explicit statutory codification of public policy against retaliatory discharge in workers' compensation cases transforms such activity into a tort action while other types of retaliatory discharge apparently give rise to contract actions. [*Id.* at 668.]

[6] *Id.* at 669.
[7] *Id.* at 670.

II

Phillips was an employee at will. The general rule is that "in the absence of a contractual basis for holding otherwise, either party to an employment contract for an indefinite term may terminate it at any time for any, or no, reason." *Suchodolski v Michigan Consolidated Gas Co,* 412 Mich 692, 694-695; 316 NW2d 710 (1982). This Court continued that nevertheless "some grounds for discharging an employee are so contrary to public policy as to be actionable."[8] In addition to statutory causes of action for violation of explicit prohibitions,[9] causes of action have been implied where the employee was discharged for failure or refusal to violate a law in the course of employment.[10]

This Court continued in *Suchodolski* that "the courts have found implied a prohibition on retaliatory discharges when the reason for a discharge was the employee's exercise of a right conferred by a well-established legislative enactment. See, e.g., *Sventko v Kroger Co* [69 Mich App 644; 245 NW2d 151 (1976)]; *Hrab v Hayes-Albion Corp,* 103 Mich App 90; 302 NW2d 606 (1981). Both cases involved allegations of discharges in retaliation for having filed worker's compensation claims."[11]

In *Sventko,* the Court of Appeals recognized a

[8] *Id.* at 695.

[9] The Court adverted to the following statutes:

MCL 37.2701; MSA 3.548(701) (Civil Rights Act); MCL 37.1602; MSA 3.550(602) (Handicappers' Civil Rights Act); MCL 408.1065; MSA 17.50(65) (Occupational Safety and Health Act); MCL 15.362; MSA 17.428(2) (The Whistleblowers' Protection Act). [*Id.* at 695, n 2.]

[10] The Court cited cases in which an employee was discharged for failure to file a false report, give false testimony, and participate in illegal price fixing.

[11] *Id.* at 695-696.

cause of action for discharge in retaliation for filing a worker's compensation claim. The lead opinion said that "while it is generally true that either party may terminate an employment at will for any reason or for no reason, that rule is not absolute."[12] The opinion continued that "the better view is that an employer at will is not free to discharge an employee when the reason for the discharge is an intention on the part of the employer to contravene the public policy of this state."[13] The Court of Appeals thus found that, although there was no explicit statutory proscription, the public policy expressed in the worker's compensation act precluded an employer from discharging an employee for filing a claim.

III

The Court of Appeals initially determined that an action for retaliatory discharge sounded in tort.[14] Subsequent panels concluded that the action sounded in contract.[15] In *Dun-*

---

[12] *Id.* at 646-647.

[13] *Id.* at 647.

[14] *Goins v Ford Motor Co,* 131 Mich App 185, 198; 347 NW2d 184 (1983).

[15] In *Watassek v Dep't of Mental Health,* 143 Mich App 556; 372 NW2d 617 (1985), another panel of the Court took a different approach in a case involving the discharge of an employee in retaliation for reporting abusive practices at a state mental health facility. Relying on *Toussaint v Blue Cross & Blue Shield of Michigan,* 408 Mich 579; 292 NW2d 880 (1980), the Court stated that "an action for wrongful discharge is one mainly *ex contractu.* An action claiming retaliatory discharge is an action asserting a specific type of wrongful discharge and thus constitutes a contract action." *Watassek, supra* at 564-565. The panel rejected the decision in *Goins,* finding that the previous panel's reliance on *Sventko* was misplaced because *Sventko* did not specify the nature of a retaliatory discharge action. *Id.* at 565. The Court concluded that, because the wrongful discharge occurred in the context of an employment relationship, the employment contract formed the basis of the action.

In *Lopus v L & L Shop-Rite, Inc,* 171 Mich App 486; 430 NW2d 757 (1988), a Court of Appeals panel addressed this issue in the context of

*bar*,[16] the Court ruled that an action for wrongful discharge in retaliation for filing a worker's compensation claim sounds in tort, not contract. The Court continued that the cause of action is now statutorily based, and that, for breach of the statutory duty, the action sounds in tort not contract.[17]

Butterball argues, consistent with the Court of Appeals opinions concluding that the claim sounds in contract, that the contractual employment relationship is what gives rise to Phillips' cause of action. Implied in every contract, Butterball contends, is a promise not to contravene public policy. Thus, the action for retaliatory discharge is in contract because the right not to be discharged arises out of a promise implied in the contract.

This argument ignores that the source of this right against retaliatory discharge does not stem from any term agreed upon by the contracting parties, but from public policy now expressed in a statute.[18] The duty not to retaliate against an

a retaliatory discharge that occurred before the filing of a worker's compensation claim. The *Lopus* panel agreed with the *Watassek* panel and rejected the ruling in *Goins. Id.* at 490-491. In addition, the panel found both *Sventko* and *Goins* factually distinguishable.

In *Mourad v Auto Club Ins Ass'n,* 186 Mich App 715; 465 NW2d 395 (1991), a Court of Appeals panel ruled that retaliatory discharge actions were contract actions. In an action for wrongful termination of a just-cause employment contract, it was held that a claim for retaliatory demotion is an alternative theory of recovery from a breach of just-cause contract because both actions depend on the same facts. *Id.* at 726. Thus, the two could not be pleaded in the same action. In addition, the Court reaffirmed that a wrongful discharge action was in contract, not tort, citing *Watassek* and *Lopus. Id.* at 727.

[16] See text accompanying n 5.

[17] A claim for retaliatory discharge under the WDCA is statutorily provided, MCL 418.301(11); MSA 17.237(301)(11). Thus, a statutory duty is created on the part of the employer not to discharge an employee in retaliation for the employee's filing of a workers' compensation claim. A breach of this statutory duty by an employer sounds in tort, not contract. [*Dunbar, supra* at 10.]

[18] A person shall not discharge an employee or in any manner

employee for filing a worker's compensation claim arises independently from the employment contract.[19] In *Lathrop v Entenmann's, Inc*, 770 P2d 1367, 1373 (Colo App, 1989), a Colorado appellate court said: "[t]he duty of the employer to refrain from retaliation in violation of a state's public policy does not find its source in any private contract; it is a duty imposed by the state's legislative body; and it is one that cannot be adjusted or modified by the private actions of an employer and a collective bargaining agent."

Many states now recognize a cause of action for retaliatory discharge of an employee who has filed a worker's compensation claim.[20] The vast majority hold that such an action is grounded in tort on the basis of a public policy exception or express statutory proscription.[21]

The Nevada Supreme Court observed:

discriminate against an employee because the employee filed a complaint or instituted or caused to be instituted a proceeding under this act or because of the exercise by the employee on behalf of himself or herself or others of a right afforded by this act. [MCL 418.301(11); MSA 17.237(301)(11).]

[19] Phillips cites *Lingle v Norge Div of Magic Chef, Inc*, 486 US 399; 108 S Ct 1877; 100 L Ed 2d 410 (1988), to clarify this distinction. In *Lingle* the question was whether a union employee's worker's compensation retaliatory discharge claim was preempted by § 301(a) of the Labor-Management Relations Act of 1947, 29 USC 185(a). The United States Supreme Court held that the claim was not preempted because, under Illinois law, there was an independent means for ascertaining whether there had been a violation other than from the contract itself. Although the Court looked to state law to determine whether there was preemption, the point is well taken that, at least as how Illinois has chosen to define it, the worker's compensation retaliatory discharge claim does not depend on an interpretation of the employment contract.

[20] See Love, *Retaliatory discharge for filing a workers' compensation claim: The development of a modern tort action*, 37 Hastings L J 551, 554-555 (1986); anno: *Recovery for discharge from employment in retaliation for filing workers' compensation claim*, 32 ALR4th 1221.

[21] See *Lathrop, supra* (public policy); *Buckner v General Motors Corp*, 760 P2d 803 (Okla, 1988) (statute); *Springer v Weeks & Leo Co, Inc*, 429 NW2d 558 (Iowa, 1988) (statute); *Hansen v Harrah's*, 100 Nev 60; 675 P2d 394 (1984) (public policy); *Firestone Textile Co v Mead-*

We know of no more effective way to nullify the basic purposes of Nevada's workmen's compensation system than to force employees to choose between a continuation of employment or the submission of an industrial claim. In the absence of an injury resulting in permanent total disability, most employees would be constrained to forego their entitlement to industrial compensation in favor of the economics necessity of retaining their jobs.[22]

In holding that such a cause of action sounds in tort, not contract, the Kansas Court of Appeals' observed that "the mere existence of a contractual relationship between the parties does not change the nature of [this] action."[23]

In enacting § 301(11) of the Worker's Disability Compensation Act,[24] the Legislature codified *Sventko.* While the contractual relationship was "at will," the contractual relationship is not the source of an employee's right to protection against retaliatory discharge for filing a worker's compensation claim. The right stems not from an implied promise by the employer, but from the statute. A cause of action seeking damages from an employer

ows, 666 SW2d 730 (Ky, 1983) (public policy); *Lally v Copygraphics,* 85 NJ 668; 428 A2d 1317 (1981) (public policy and statute); *Murphy v City of Topeka-Shawnee Co Dep't of Labor Services,* 6 Kan App 2d 488, 492; 630 P2d 186 (1981) (public policy); *In re Axel v Duffy-Mott Co, Inc,* 47 NY2d 1; 416 NYS2d 554; 389 NE2d 1075 (1979) (statute); *Kelsay v Motorola, Inc,* 74 Ill 2d 172; 23 Ill Dec 559; 384 NE2d 353 (1978) (public policy); *Frampton v Central Indiana Gas Co,* 260 Ind 249, 252; 296 NE2d 425 (1973) (public policy).

[22] *Hansen v Harrah's,* n 21 *supra* at 64. See also *Murphy,* n 21 *supra* at 495; *Kelsay,* n 21 *supra* at 181; *Frampton,* n 21 *supra* at 251.

[23] *Murphy,* n 21 *supra* at 493.

See also *Burk v Kmart Corp,* 770 P2d 24, 28 (Okla, 1989) ("An employer's termination of an at-will employee in contravention of a clear mandate of public policy is a tortious breach of contractual obligations"); *Lally, supra* at 670 ("The statutory declaration of the illegality of such a discharge underscores its wrongful and tortious character for which redress should be available").

[24] See n 18 for text.

who violates the worker's compensation act is independent of the contract, and sounds in tort, not contract.[25]

## IV

The Court of Appeals, in holding that because Phillips was an employee at will, she may recover only limited or nominal damages, in effect ruled that there is no meaningful remedy for retaliatory discharge for filing a worker's compensation claim. Some employees are employed for fixed terms. Others are protected by individual or union contracts providing that the employee may only be discharged for just cause. And still others, perhaps the majority, are "at will." A fixed-term or just-cause employee is protected by that term of the employment relationship. Unless employees at will are also protected from retaliatory discharge for filing a worker's compensation claim, almost no employee is protected *by* the prohibition against discharge of an employee therefor.

In *Dunbar, supra,* the Court of Appeals held that, because a claim for retaliatory discharge sounds in tort, the employee can claim damages for mental distress and loss of pay resulting from the improper discharge.[26]

Butterball contends that the *Dunbar* panel erred, and argues that decisions of this Court have limited the circumstances in which an employee can obtain mental distress damages when there has been no evidence of physical injury. Butterball cites this Court's decisions in *Valentine v General American Credit, Inc,* 420 Mich 256; 362 NW2d

[25] See *Foley v Interactive Data Corp,* 47 Cal 3d 654, 668; 254 Cal Rptr 211; 765 P2d 373 (1988).

[26] *Id.* at 10; see also *Goins,* n 14 *supra* at 198 (affirming an award of future damages for lost wages).

628 (1984), concerning mental distress damages for. breach of an employment contract, and *Roberts v Auto-Owners Ins Co,* 422 Mich 594; 374 NW2d 905 (1985), concerning the tort of intentional infliction of emotional distress.[27]

In *Kewin v Massachusetts Mutual Life Ins Co,* 409 Mich 401, 419; 295 NW2d 50 (1980), this Court held that mental and emotional distress damages were not ordinarily available in an action for bad-faith breach of contract. The Court also declined to recognize a tort for bad-faith breach because it would "open the door to recovery for mental pain and suffering caused by breach of a commercial contract."[28] The Court said, however, that damages for mental and emotional distress may be awarded where there was allegation and proof of tortious conduct independent of the breach of contract.[29]

*Valentine,* an action for breach of contract for termination of employment without just cause, followed *Kewin.*[30] *Valentine* did not address an

---

[27] Butterball also relies on *Daley v LaCroix,* 384 Mich 4; 179 NW2d 390 (1970), in which this Court considered the availability of mental distress damages in a negligence action. *Daley* is inapposite because Phillips states a claim for violation of public policy. Although this Court required evidence of physical injury in *Daley's* negligence action to support an award of mental distress damages, that limitation does not necessarily apply to intentional misconduct. See *Niblo v Parr Mfg, Inc,* 445 NW2d 351, 354-355 (Iowa, 1989).

[28] *Id.* at 423.

[29] *Id.* at 420-421; see also *Wiskotoni v Michigan Nat'l Bank-West,* 716 F2d 378, 388 (CA 6, 1983).

This Court cited *Harbaugh v Citizens Telephone Co,* 190 Mich 421, 428; 157 NW 32 (1916), in which the Court held that the plaintiff had stated a tort claim independent of the breach of contract for which "[h]is actual damages may, however, include just compensation for such annoyance and inconvenience as he may be able to show he suffered by reason of defendant's unlawful act."

[30] In *Valentine, supra* at 259, this Court ruled that a plaintiff may not recover mental distress damages for breach of an employment contract. The Court observed that *Toussaint,* n 15 *supra,* did not create rights that would be actionable in tort. *Toussaint* only dealt with a right that was enforceable because of a promise not to terminate except for cause arising out of the employment contract. *Id.*

action in tort that arose independently of the employment contract.[31] Because this action sounds in tort, the available "damages are not limited by contract principles."[32]

Other courts that recognize an action in tort for worker's compensation retaliatory discharge have allowed recovery for mental and emotional distress, as well as lost wages.[33] The Iowa Supreme Court said:

> While it is not a crime or an act requiring a malicious motive or outrageous conduct, wrongful discharge offends standards of fair conduct and normally will cause the employee damages in lost income. In addition to his monetary loss of wages,

at 258. Thus, the "obligation which gave rise to this action is based on the agreement of the parties; it is not an obligation imposed on the employer by law." *Id.* at 259. In contrast, the obligation not to discharge an employee for filing a worker's compensation claim is imposed on employers by law and does not stem from any term of the agreement between the employer and the employee.

[31] The Court of Appeals reliance on *Sepanske v Bendix Corp,* 147 Mich App 819, 829; 384 NW2d 54 (1985), in resolving Phillips' damages claim was misguided. In holding that the plaintiff was only entitled to nominal damages for the defendant's breach of a contract providing employment at will, the *Sepanske* panel stated, "This is not a case of wrongful discharge." *Id.*

[32] *Wiskotoni,* n 29 *supra* at 388; *Pratt v Brown Machine Co,* 855 F2d 1225, 1242 (CA 6, 1988).

In tort cases, "actual damages now include compensation for mental distress and anguish." *Veselnak v Smith,* 414 Mich 567, 574; 327 NW2d 261 (1982); see also *Wiskotoni,* n 29 *supra* at 389. A plaintiff claiming damages for mental and emotional distress would not be entitled to exemplary damages if mental and emotional distress damages are included as part of compensatory damages. *Veselnak, supra.*

Absent legislation regarding damages, a plaintiff claiming mental and emotional distress damages for breach of a statutory mandate will only be able to recover therefor as part of compensatory damages. *Eide v Kelsey-Hayes Co,* 431 Mich 26, 54-57; 427 NW2d 488 (1988).

[33] See *Scott v Otis Elevator Co,* 572 So 2d 902, 903 (Fla, 1990); *Niblo,* n 27 *supra* at 354-356; *Cagle v Burns & Roe, Inc,* 106 Wash 2d 911, 915-917; 726 P2d 434 (1986); *Malik v Apex Int'l Alloys, Inc,* 762 F2d 77, 80-81 (CA 10, 1985) (applying Oklahoma law); *Harless v First Nat'l Bank in Fairmont,* 169 W Va 673, 689-690; 289 SE2d 692 (1982); see also *Wiskotoni,* n 29 *supra* at 388; *Pratt,* n 32 *supra* at 1242.

the employee may suffer mentally. . . . We know of no logical reason why a wrongfully discharged employee's damages should be limited to out-of-pocket loss of income, when the employee also suffers causally connected emotional harm. Distressful emotions not involving bodily injury are compensable in actions for the infringement of some other interest. . . . We believe that fairness alone justifies the allowance of a full recovery in this type of tort.[34]

Butterball contends that allowing Phillips to recover emotional and mental distress damages would contravene *Roberts, supra.* There, this Court declined to recognize an action in tort for intentional infliction of emotional distress for breach of an insurance contract.[35]

Phillips was not required to plead a separate claim for intentional infliction of emotional distress to recover damages for mental and emotional distress, nor must she meet the burdens requisite to establishing that cause of action.[36] In pleading a

[34] *Niblo,* n 27 *supra* at 355.

[35] *Id.* at 611.
This Court said that "[t]he mere failure to pay a contractual obligation, without more, will not amount to outrageous conduct for purposes of this tort." *Id.* at 605. Plaintiff's anger did not establish severe emotional distress, absent some additional evidence of grief, depression, disruption of lifestyle, or treatment. *Id.* at 610-611.

[36] See *Cagle,* n 33 *supra* at 917; *Malik,* n 33 *supra* at 81; *Harless,* n 33 *supra* at 689-690 (".We believe that the tort of retaliatory discharge carries with it a sufficient indicia of intent, thus, damages for emotional distress may be recovered as part of compensatory damages"). The Iowa Supreme Court stated:

[The tort of wrongful discharge] is distinct from the tort of intentional infliction of emotional harm, which established an independent ground for liability for damages for mental anguish caused by intentional or reckless extreme and outrageous conduct. The requirements of proof are greater, so that the law will not intervene in every case where someone's feelings are hurt or where the mental distress is not severe. [*Niblo,* n 27 *supra* at 357.]

cause of action for worker's compensation retaliatory discharge, Phillips stated a separate and independent basis for recovery of mental and emotional distress damages.

The Court of Appeals stated that to permit Phillips to recover full compensatory damages would transform her "at will" employment contract into a "just cause" contract.[37] Again, we disagree.

The Court of Appeals in *Sepanske*[38] said that "either party to an at will employment contract for an indefinite term may terminate it at any time and for any reason, unless the employer has violated a specific public policy in discharging the employee."[39] The Court found that an employee at will could only recover nominal damages for lost wages because "[t]here is no tangible basis upon which damages may be assessed where plaintiff's expectation was for an at will position which could have been changed or from which he could have been terminated without consequence."[40] The claim in *Sepanske*, however, was premised on breach of contract, not a separate tort.

We hold that Phillips may recover lost wages.[41] Phillips had a reasonable expectation that she would not be terminated for filing a worker's compensation claim, despite the at-will nature of the employment relationship. Recovery under the public policy exceptions to the employment at will doctrine arises independently of the employment contract. Phillips should be compensated for lost

---

[37] 201 Mich App 670.

[38] N 31 *supra*.

[39] *Id*. at 826.

[40] *Id*. at 829; see also *Environair, Inc v Steelcase, Inc,* 190 Mich App 289, 294; 475 NW2d 366 (1991).

[41] As the parties have not briefed or argued the length of front pay or the mitigation of damages, we express no opinion on these issues.

wages to give effect to the mandate now expressed in § 301(11). Nominal damages would not compensate Phillips for her loss of employment, nor would it provide sufficient deterrence to employers who would violate the statute.

Reversed and remanded to the circuit court for trial.

Cavanagh, Boyle, and Mallett, JJ., concurred with Levin, J.

Riley, J. (*dissenting*). The majority finds that a common-law action claiming retaliation for asserting worker's compensation rights is one arising in tort with the full range of tort damages. Because I find the cause of action sounding in contract, I dissent. This type of wrongful discharge gives rise to a judicially created cause of action that attempts to protect an expressed state policy that is implied in every contract. Absent legislative intervention, this wrongful discharge must be deemed to sound in contract with the only remedies being reinstatement and back pay from the date of discharge to the date of judgment. Further, lost wages are not recoverable, because in this setting an employee at will does not have a continued expectation of employment, and, accordingly, any damages would be speculative. Mental distress or exemplary damages simply are not recoverable in a contract action.

I

Generally, employment at will represents the right of an employer to terminate an employee "at any time for any, or no, reason." *Suchodolski v Michigan Consolidated Gas Co,* 412 Mich 692, 695; 316 NW2d 710 (1982). Exceptions to the employment-at-will doctrine are not easily found and

usually come by way of express legislative intervention, e.g., the Civil Rights Act[1] or the Handicappers' Civil Rights Act.[2] Nonetheless, this Court and our Court of Appeals[3] have recognized a judicially created exception in the absence of legislative intervention where the discharge is in contravention of some important public policy. *Id.* For the most part, these exceptions must be based on some "explicit legislative statements prohibiting the discharge, discipline, or other adverse treatment of employees who act in accordance with a statutory right or duty." *Id.*

In *Sventko v Kroger Co,* 69 Mich App 644, 648; 245 NW2d 151 (1976), our Court of Appeals determined that one type of public policy action is the right to sue for discharge resulting from asserting worker's compensation rights. The Court realized that the purpose of providing benefits to "the victims of work-connected injuries in an efficient, dignified, and certain form" would be defeated if an employer could discharge an employee when filing such a claim. Moreover, it would frustrate the widely accepted intent to abolish civil liability in exchange for liability under the act. "An employer cannot accept that benefit for himself and yet attempt to prevent the application of the act to the work-related injuries of his employees without acting in direct contravention of public policy." *Id.* Our decision in *Suchodolski* tacitly accepted this cause of action. Accordingly, the propriety of such an action is not at issue in this case. The only question is the measure of damages recoverable.

---

[1] MCL 37.2701, 37.2801; MSA 3.548(701), 3.548(801).

[2] MCL 37.1602, 37.1606; MSA 3.550(602), 3.550(606).

[3] See, e.g., *Sventko v Kroger Co,* 69 Mich App 644; 245 NW2d 151 (1976) (retaliation for filing a worker's compensation claim); *Hrab v Hayes-Albion Corp,* 103 Mich App 90; 302 NW2d 606 (1981) (retaliation for filing a worker's compensation claim); *Trombetta v Detroit, T & I R Co,* 81 Mich App 489; 265 NW2d 385 (1978) (retaliatory firing for refusing to falsify pollution control reports).

*Sventko* did not fully define the scope of the action and did not discuss the available remedies. It simply relied on a criminal provision that prohibited interfering with worker's compensation rights as the basis for the public policy.[4] Since *Sventko,* the Legislature enacted MCL 418.301(11); MSA 17.237(301)(11), which, while prohibiting retaliation or discrimination for asserting worker's compensation rights,[5] neither creates an independent civil action nor provides any penalties. It is simply an affirmative statement of public policy. In any event, *Sventko* determined that the cause of action existed without this affirmative statement of public policy. However, the remedies have yet to be defined.

II

The majority, as well as other courts in this and other states, have resolved the question of remedies in wrongful discharge actions for violating public policy by classifying such an action as sounding in contract or tort. Anno: *Recovery for discharge from employment in retaliation for filing workers' compensation claim,* 32 ALR4th 1221. If it sounds in contract, permissible remedies usually include only restitution and economic damages, e.g., back pay. *Valentine v General American Credit, Inc,* 420 Mich 256, 263; 362 NW2d 628 (1984). Mental distress or exemplary[6] damages are

_____

[4] *Id.* at 649, citing MCL 418.125; MSA 17.237(125).

[5]   A person shall not discharge an employee or in any manner discriminate against an employee because the employee filed a complaint or instituted or caused to be instituted a proceeding under this act or because of the exercise by the employee on behalf of himself or herself or others of a right afforded by this act.

[6] Exemplary damages generally are not recoverable in contract

not recoverable because they are personal, not economic damages. Conversely, in tort actions, mental distress and exemplary damages generally are permitted. *Valentine, supra.*

Despite numerous opinions of our Court of Appeals,[7] this Court has yet to decide whether a discharge for asserting worker's compensation rights sounds in tort or contract. With the issue directly before us, I would find the claim to sound in contract, not tort.

In reaching this conclusion, it is necessary to review the nature of the policy at stake. Unlike the Civil Rights Act or the Handicappers' Civil Rights Act, the Legislature did not create a cause of action or provide a remedy. It merely expressed a policy against discharge resulting from asserting worker's compensation rights. Accordingly, because this is a judicially created exception to employment at will, and not the product of a statute, I would hold that this action is based on an implied contract provision that an employer not discharge an employee for filing a worker's compensation claim. See, generally, *Brockmeyer v Dun & Bradstreet,* 113 Wis 2d 561, 576; 335 NW2d 834 (1983); *Sterling Drug, Inc v Oxford,* 294 Ark 239, 248-249; 743 SW2d 380 (1988); *Johnson v Kreiser's,*

actions unless there is "tortious conduct existing independent of the breach . . . ." *Kewin v Massachusetts Mutual Life Ins Co,* 409 Mich 401, 420; 295 NW2d 50 (1980).

[7] The Court of Appeals in this case reluctantly found the claim to sound in tort, relying on *Dunbar v Dep't of Mental Health,* 197 Mich App 1; 495 NW2d 152 (1992), pursuant to Administrative Order No. 1990-6, 436 Mich lxxxiv, as extended. 442 Mich 911 (1993). The panel, however, opined that the claim more appropriately sounds in contract. Before these decisions, there was a split in authority on this issue. For an additional case finding the claim to sound in tort, see *Goins v Ford Motor Co,* 131 Mich App 185, 198; 347 NW2d 184 (1983). For cases finding the claim to sound in contract, see *Mourad v Auto Club Ins Ass'n,* 186 Mich App 715; 465 NW2d 395 (1991); *Lopus v L & L Shop-Rite, Inc,* 171 Mich App 486, 491; 430 NW2d 757 (1988); *Watassek v Dep't of Mental Health,* 143 Mich App 556, 564-565; 372 NW2d 617 (1985).

*Inc,* 433 NW2d 225, 227 (SD; 1988). This is a specific type of wrongful discharge, indistinguishable from other types of discharges not explicitly made actionable by the Legislature.

Moreover, the public policy implicit in this claim is the right to enforce or recover damages attributed to work-related injuries that arise out of and are incidental to the employment contract. In other words, implied in every contract is the right to assert worker's compensation rights without being discharged or discriminated against. Indeed, the liability associated with worker's compensation does not derive from the fault or negligence of the employer, i.e., traditional tort theory, but from injury "arising out of and in the course of employment . . . ." MCL 418.301(1); MSA 17.237(301). Accordingly, with the statutory right entitled to protection relating to the employment contract, any cause of action intending to protect the right should likewise sound in contract. Any further response to protecting legislative public policy should be left to the political branch of government, not the courts through judicial legislation.

### III

Because the claim sounds in contract, the remedies accordingly are limited. See *Valentine, supra.* If plaintiff proves that she was discharged for asserting rights under the worker's compensation act, an important public policy, she should only be entitled to reinstatement, if appropriate, and back pay from the date of the discharge to the date of judgment. While it is true that an employee at will could be discharged for any reason at any time, the public policy implicated in this case creates an exception, which, when proven, forces the employer to bear the brunt of this illegal act, rather

than the employee.[8] Hence, awarding back pay until the time of judgment is appropriate, less any mitigation.[9] See *Brockmeyer, Oxford,* and *Johnson, supra.*

Other remedies in this contract action are inappropriate because an employee at will does not have an expectation of continued employment, and, hence, further damages are speculative. See *Sax v Detroit, G H & M R Co,* 129 Mich 502; 89 NW 368 (1902); *Sepanske v Bendix Corp,* 147 Mich App 819; 384 NW2d 54 (1985). Moreover, exemplary or mental distress damages simply are not recoverable in contract actions. *Valentine, supra.*

IV

The importance of any given public policy and the remedies required are appropriately left to the political branch of government. Reviewing the scheme of possible remedies expressed by various state legislatures, i.e., traditional tort remedies, reinstatement, civil penalty of up to one year's back pay, administrative remedy of reinstatement and back pay, or any combination thereof,[10] confirms that the Legislature should fashion the exact parameters of this cause of action. A judicial man-

---

[8] This remedy would protect an injured worker from an employer's retaliation by eliminating the inequitable advantage employers would otherwise have and reinforcing the right of employees to seek redress for their work-related injuries without fear of retribution. These remedies would serve the underlying public policy at issue so that employees would no longer have to choose between retention of their jobs and being compensated for work-related injuries. *Hansen v Harrah's,* 100 Nev 60, 64-65; 675 P2d 394 (1984). In the end, justice would be served by making the wronged employee whole within the context of this public policy that is undefined by the Legislature.

[9] See, generally, *Marquis v Hartford Accident & Indemnity (After Remand),* 444 Mich 638, 652; 513 NW2d 799 (1994).

[10] See Love, *Retaliatory discharge for filing a workers' compensation claim: The development of a modern tort action,* 37 Hastings L J 551, 555 (1986) (describing responses from various state legislatures).

date that all tort remedies are permissible is not appropriate. If the Legislature intended or intends to make damage remedies similar to those in the Civil Rights Act, it should do so specifically.

v

I would find an action alleging wrongful discharge for filing a worker's compensation claim to sound in contract and, hence, be limited to traditional contract remedies. In this case, appropriate remedies would include reinstatement and back pay from the time of discharge to the date of judgment. If the Legislature desires to further protect this public policy, it can and should do so specifically.

BRICKLEY, C.J., concurred with RILEY, J.

WEAVER, J., took no part in the decision of this case.