# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 5, 2007

132211(84)

RAYMOND J. GRANT,
PERSONAL REPRESENTATIVE of the
ESTATE OF JEANINE A. GRANT,
     Plaintiff-Appellant,

v

AAA MICHIGAN/WISCONSIN, INC.,
a/k/a AUTO CLUB GROUP,
     Defendant-Appellee.
_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 132211
COA: 249720
Wayne CC: 01-143185-NF

On order of the Court, the motion for reconsideration of this Court's March 21, 2007 order is considered, and it is DENIED, because it does not appear that the order was entered erroneously.

CAVANAGH and WEAVER, JJ., would grant reconsideration.

KELLY, J., dissents and states as follows:

In a published opinion, the Court of Appeals ruled that the no-fault act's one-year statute of limitations,[1] and not the Michigan Consumer Protection Act's (MCPA) six-year statute of limitations,[2] applies to plaintiff's MCPA claim. This decision is obviously incorrect. Although amendments of the MCPA will prevent a recurrence of this error, I would grant the motion for reconsideration and grant leave to appeal to correct the faulty decision.

## FACTS

Jeanine Grant was paralyzed in a March 1995 automobile accident. She initially received professional care but, after a month, her family assumed responsibility.

---

[1] MCL 500.3145.

[2] MCL 445.911(7).

Defendant, Jeanine's no-fault insurer, informed Jeanine's husband that family members would be paid at the rate of $10 an hour for attendant care services. Family members were paid at this rate until November 1998, when the rate was increased to $11 an hour. In 1999, Jeanine's husband incorporated a home-care company, which employed him and his daughters to provide care for Jeanine and billed defendant at the higher agency rate.

Plaintiff brought this action in 2001 to recover the difference between the amount defendant had paid Jeanine's family from 1995 through 1999 and the amount due at the agency rate.[3] The complaint contained six counts, only one of which is relevant here. That claim arose under the MCPA.[4] Plaintiff alleged that defendant had concealed and misrepresented facts regarding the rate at which family members could be compensated for providing attendant care services. Plaintiff also asserted that the MCPA's six-year statute of limitations governed rather than the one-year statute of limitations of the no-fault act.[5]

Defendant moved for summary disposition on the MCPA claim. The motion was denied, and defendant sought interlocutory review. When the Court of Appeals denied leave to appeal, this Court remanded the case for consideration as on leave granted.[6] On first remand, the panel found that the no-fault act's one-year limitations period applied.[7] And, because all of plaintiff's claims had been incurred more than one year before she filed the complaint, the Court decided that defendant was entitled to summary disposition.[8]

Plaintiff applied for leave to appeal in this Court, and we remanded a second time,[9] asking the Court of Appeals to reconsider the decision in light of *Smith v Globe Life Ins Co.*[10] We had specifically held in *Smith* that the MCPA permits private actions

---

[3] Initially, plaintiff was Jeanine Grant. Since the suit was filed, she has passed away. Her estate has been substituted as plaintiff.

[4] MCL 445.901 *et seq.*

[5] MCL 500.3101 *et seq.*

[6] 468 Mich 948 (2003).

[7] *Grant v AAA Michigan/Wisconsin, Inc*, 266 Mich App 597, 599 (2005).

[8] *Id.*

[9] *Grant v AAA Michigan, Wisconsin, Inc*, 474 Mich 988 (2005).

[10] *Smith v Globe Life Ins* Co, 460 Mich 446 (1999).

against an insurer pursuant to MCL 445.911.[11] MCL 445.911(7) contains the MCPA's six-year limitations period. Therefore, the remand was for the Court of Appeals to consider whether its decision that the no-fault act's statute of limitations applied was consistent with *Smith*. On second remand, the Court of Appeals completely failed to consider this point. Instead, it decided that plaintiff's claim was not barred by the version of MCL 445.904(3) that was amended by 2000 PA 432.[12] Considering that the parties stipulated that the 2000 amendment did not bar plaintiff's claim, it is baffling that the Court of Appeals thought we had remanded to consider this issue only. Regardless, this is the issue that it reconsidered.

Plaintiff again filed an application for leave to appeal in this Court. This time the Court denied leave by a vote of 4 to 3.[13] The denial order showed that I, as well as Justices Cavanagh and Weaver, would have granted leave to appeal.[14] Plaintiff has now filed this motion for reconsideration.

ANALYSIS

The key issue is whether the no-fault act's one-year statute of limitations or the MCPA's six-year statute of limitations applies to plaintiff's MCPA claim. The Court of Appeals conclusion that the no-fault act's one-year statute of limitations applies is obviously incorrect. Plaintiff does not merely assert a claim for benefits under the no-fault act. Rather, plaintiff asserts a claim under the MCPA that includes the additional elements of deceit, misrepresentation, and concealment of facts. Therefore, the MCPA's six-year statute of limitations applies, and not the no-fault act's one-year statute of limitations, as found by the Court of Appeals. A majority of this Court, however, apparently feels that this error is not worth correcting because the Legislature amended the MCPA in 2000 to prevent it from recurring.[15] What the majority overlooks is (1) that

---

[11] *Id.* at 467.

[12] *Grant v AAA Michigan/Wisconsin, Inc* (*On Remand*), 272 Mich App 142, 148-149 (2006).

[13] 477 Mich 1043 (2007).

[14] *Id.*

[15] The MCPA was amended to remove from its scope actions based on conduct proscribed by the unfair trade practices act applicable to insurance companies. Plaintiff's claim was not affected by the amendments because it arose before the 2001 effective date of that amendment.

this is a real case involving real people and the Court of Appeals decision creates an injustice to those people that should be corrected and (2) that, because the Court of Appeals decision is published, other courts could improperly rely on its reasoning in interpreting other statutes.

A plaintiff can recover damages for mental distress when the claim is a statutory action sounding in tort.[16]  Mental distress is also recoverable in fraud cases if such damages are the natural consequence of the wrongful act and reasonably could have been anticipated.[17]  And, unlike the no-fault act, which precludes attorney fees if the claim was reasonably in dispute, the MCPA attorney-fee provision does not contain the same limitation.[18]

Courts could rely on the Court of Appeals reasoning to improperly bar a plaintiff from recovering these damages by finding that the claim, though alleging deception, is actually one for no-fault benefits.  And, although the error that occurred here has been addressed by legislative action, the published opinion could be relied on to apply an incorrect statute of limitations in non-MCPA claims involving misrepresentation.  Rather than waiting for this to happen, we should correct the Court of Appeals decision now.

CONCLUSION

This Court should not allow the Court of Appeals simplistic, superficial, and obviously incorrect opinion to stand.  To do so is to allow a miscarriage of justice to go uncorrected and to invite other courts to rely on this published opinion to reach similar incorrect results.  I would grant the motion for reconsideration and grant leave to appeal to correct the Court of Appeals erroneous, unjust decision.

---

[16] *Phillips v Butterball Farms Co, Inc* (*After Second Remand*), 448 Mich 239, 251 (1995).

[17] *Phinney v Perlmatter*, 222 Mich App 513, 532 (1997).

[18] Compare MCL 500.3148(1) with MCL 445.911(2).



I,  Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 5, 2007



Clerk

d1002