# STATE OF MICHIGAN

# COURT OF APPEALS

DARIAN L. VAUGHN,

       Plaintiff-Appellant,

v

VANGUARD CONCRETE COATING, INC., and
IAN RIPMASTER,

       Defendants-Appellees.

UNPUBLISHED
May 19, 2016


No. 326305
Kent Circuit Court
LC No. 14-001659-CZ

Before: O'BRIEN, P.J., and K. F. KELLY and FORT HOOD, JJ.

PER CURIAM.

In this wrongful termination action, plaintiff Darian L. Vaughn appeals as of right an order denying plaintiff's motion for summary disposition and granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(10). We affirm.

This case concerns whether plaintiff was wrongfully terminated in retaliation for protected activities under the Michigan Workers' Disability Compensation Act ("WDCA"). On January 6, 2014, plaintiff was working for defendants when he felt dizzy and hurt his back, after which he went home early and then went to the hospital. He took two days off of work, and returned to work on January 10. While working that day, one of plaintiff's coworkers heard him say something about suing defendants, and also heard him encourage another worker to slow down his work. Plaintiff's employer, Ian Ripmaster, was informed of these comments, and confronted plaintiff. Plaintiff initially denied making the comments, but did not deny making them after Ian asked the coworker to repeat the comments he heard plaintiff make. After this conversation, plaintiff was suspended, and after further communication, his employment ended on January 16. Thereafter, plaintiff sued defendants claiming that he was terminated in retaliation for protected activities under the WDCA. The trial court granted defendants' motion for summary disposition, finding that plaintiff failed to establish a prima facie case for retaliation because plaintiff did not present evidence to establish a causal connection between his exercise of a protected activity and defendants' adverse employment action. This appeal followed.

Plaintiff argues that the trial court erred in granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(10). We disagree. We review de novo the trial court's decision on a motion for summary disposition. *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012). "Because a motion under MCR 2.116(C)(10) tests the factual sufficiency of the

complaint, the circuit court must consider the affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). Summary disposition under MCR 2.116(C)(10) is proper when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Id*.

Under the WDCA, an employer "shall not discharge an employee or in any manner discriminate against an employee because the employee filed a complaint or instituted . . . a proceeding under this act or because of the exercise by the employee . . . of a right afforded by this act." MCL 418.301(13). An employee who is discharged or discriminated against in retaliation for their exercise of rights provided by the WDCA has a cause of action seeking damages from their employer that sounds in tort. *Phillips v Butterball Farms Co, Inc (After Second Remand)*, 448 Mich 239, 248-249; 531 NW2d 144 (1995). Among other rights, the WDCA "affords an injured employee a right to seek reasonable, needed medical services for injuries that arise in the course of employment." *Cuddington v United Health Services, Inc*, 298 Mich App 264, 274; 826 NW2d 519 (2012).

> To establish a prima facie case of retaliation under the WDCA, an employee who has suffered a work-related injury must present evidence: (1) that the employee asserted a right to obtain necessary medical services or actually exercised that right, (2) that the employer knew that the employee engaged in this protected conduct, (3) that the employer took an employment action adverse to the employee, and (4) that the adverse employment action and the employee's assertion or exercise of a right afforded under MCL 418.315(1) were causally connected. [*Id*. at 275.]

Under the WDCA, "a cause of action for retaliatory discharge cannot be based on the *anticipated* exercise of a right afforded under the Act." *Id*. at 280.

In this case, with respect to the first element of a prima facie retaliation claim, plaintiff clearly exercised a right under the WDCA when he went to the hospital for medical consultation, evaluation, and treatment after leaving work early on January 6, 2014. However, plaintiff's later statement upon his return to work, referencing suing defendants in the future, was not evidence of a protected activity that could satisfy the first element of a prima facie retaliation claim. It is undisputed that plaintiff did not file any claim under the WDCA or against defendants before the termination of his employment. Because anticipated exercise of rights under the WDCA cannot be a basis for a claim of retaliation, this statement by plaintiff does not satisfy the first element necessary for a prima facie retaliation claim. *Id*. Further, although plaintiff also claims defendants did not pay his hospital bill and did not pay him compensation for his two days off of work, he presented no evidence supporting that there was an unpaid bill or that he was entitled to compensation for his two days off of work. Nevertheless, based on his hospital visit, plaintiff presented evidence of the first element of his prima facie case.

The parties do not dispute the second element, that defendants knew plaintiff engaged in the protected activity. In regard to the third element, adverse employment action, defendants do not dispute suspending plaintiff's employment. However, defendants maintain that plaintiff later voluntarily quit. Nevertheless, the evidence viewed in the light most favorable to plaintiff

-2-

presents a genuine issue of material fact in that regard. *Joseph*, 491 Mich at 206. Thus, there was a genuine issue of material fact regarding whether defendants terminated plaintiff, satisfying the third element necessary of a retaliation claim. *Cuddington*, 298 Mich App at 275.

The key issue in this case is whether the fourth element necessary for a prima facie retaliation claim was met by sufficient evidence to survive summary disposition. That element addresses whether the adverse employment action and the employee's assertion or exercise of a right afforded under MCL 418.315(1) were causally connected. "The burden is on plaintiff to show that there was a causal connection between the protected activity . . . and the adverse employment action." *Chiles v Mach Shop, Inc*, 238 Mich App 462, 470; 606 NW2d 398 (1999). "Something more than a temporal connection between protected conduct and an adverse employment action is required to show causation where discrimination-based retaliation is claimed." *West v Gen Motors Corp*, 469 Mich 177, 186; 665 NW2d 468 (2003).

Here, plaintiff is unable to show that there is a genuine issue of material fact regarding a causal connection between his January 6, 2014 hospital visit and his suspension and termination. There is no dispute that plaintiff was allowed to leave work, go to the hospital, and take two days off of work before returning on January 10. There is no evidence that plaintiff was reprimanded or disciplined in any way for his absence from work. Though plaintiff's hospital visit was temporally proximate to his suspension and later termination, more than temporal proximity is required to support a prima facie case of retaliation. *Id*. Plaintiff asserts that his employment was terminated in retaliation for going to the hospital because on January 10, Ian told him that if he sued defendants, defendants' insurance would be more expensive.[1] The evidence, however, supports that Ian's comment referred to a future activity, as opposed to defendant's hospital visit. Ian's statement was premised on the fact that he was informed by plaintiff's coworker that plaintiff had indicated that, "when he got hurt again at work, he was getting paid."[2] While plaintiff did not admit to making any specific statement, he did admit that he made some kind of statement about suing defendants.[3] In addition, plaintiff testified that no one told him directly that he was being fired or suspended for going to the hospital. Thus, plaintiff presented no other evidence besides temporal proximity and speculation to support that there was a causal

---

[1] We note that plaintiff's assertion in this regard is closely related to his claim that defendants retaliated against him because he said he was planning to sue defendants. As discussed *supra*, plaintiff's statement was not a protected activity under the WDCA.

[2] On appeal, plaintiff claims that his coworker's statements to Ian about the comments plaintiff made were inadmissible hearsay. However, the statements were not offered to show the truth of the matter asserted, but rather to show how Ian reacted to the statements, and were thus not inadmissible hearsay. MRE 801; *Int'l Union v Dorsey (On Remand)*, 273 Mich App 26, 40; 730 NW2d 17 (2006).

[3] According to plaintiff, Ian asked whether plaintiff told a coworker, Devonte Sims, that he was going to sue Ian. Plaintiff testified that he initially told Ian that he did not say anything like that, but after speaking with Ian further, plaintiff told Ian "Okay, this is what it was. Devonte, I was telling Devonte whatever. If he heard it, he heard it, whatever."

-3-

connection between his January 6 hospital visit and his termination, and thus did not establish that a genuine issue of material fact existed with respect to the fourth element of his prima facie case for retaliation. *See Libralter Plastics, Inc v Chubb Group of Ins Cos*, 199 Mich App 482, 486; 502 NW2d 742 (1993) ("parties opposing a motion for summary disposition must present more than conjecture and speculation to meet their burden of providing evidentiary proof establishing a genuine issue of material fact.") Therefore, the trial court did not err in granting defendants' motion for summary disposition.

Furthermore, even if this Court determined that plaintiff established genuine issues of material fact in support of all of the elements of a prima facie case of retaliation, plaintiff's claim would nonetheless fail. The *McDonnell Douglas/Burdine*[4] burden-shifting framework shifts the burden to defendants to articulate a legitimate, nonretaliatory reason for their adverse employment action after plaintiff establishes a prima facie case, and if they do so, the burden shifts back to plaintiff to show that the reason was a pretext for retaliation. *Cuddington*, 298 Mich App at 276-277. Defendants presented evidence that plaintiff was terminated based on trust and safety concerns after plaintiff threatened to sue defendants, encouraged slow work, and initially denied making those comments when confronted. This evidence presented legitimate, nondiscriminatory reasons for plaintiff's termination, and shifted the burden back to plaintiff to demonstrate that the reasons provided by defendants were a pretext for retaliation. *Id.* at 277. Thus, plaintiff had to present evidence sufficient to create material questions of fact "that the reasons (1) had no basis in fact, (2) were not the actual factors motivating the decision, or (3) were insufficient to justify the decision." *Id.* Plaintiff did not present evidence sufficient to establish a genuine issue of material fact regarding whether defendants' stated reasons were pretexual. Indeed, plaintiff testified that Ian told him he was being terminated due to lack of trust. Thus, regardless whether plaintiff could sufficiently establish a prima facie retaliation claim to survive summary disposition, defendants were still entitled to judgment as a matter of law because plaintiff failed to present evidence to support a genuine issue of material fact that the offered reasons for the adverse employment action were pretextual.

Affirmed. Defendants, the prevailing parties, may tax costs. MCR 7.219.

/s/ Colleen A. O'Brien
/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood

---

[4] *McDonnell Douglas Corp v Green*, 411 US 792; 93 S Ct 1817; 36 L Ed 2d 668 (1973); *Texas Dep't of Community Affairs v Burdine*, 450 US 248; 101 S Ct 1089; 67 L Ed 2d 207 (1981).